(June 17, 1985)

■ GERMAN COLON, Individually and as Administrator of the Estate of SUSANNA COLON, Also Known as SUSANNA M. ARROYO, Deceased, Respondent, v BEEKMAN DOWNTOWN HOSPITAL et al., Defendants, and JEAN E. MOISE, Appellant. — In an action to recover damages for medical malpractice and wrongful death, defendant Moise appeals from so much of an order of the Supreme Court, Kings County (Jones, J.), dated January 3, 1984, as denied that branch of his motion as sought dismissal of plaintiff's cause of action to recover damages for wrongful death as to him due to improper service of process and the expiration of the Statute of Limitations.

Order affirmed, insofar as appealed from, with costs.

This action arose out of the death of the plaintiff's decedent following surgery at Beekman Downtown Hospital. Service upon defendant Moise was accomplished by delivery of the summons and complaint to an administrator at the hospital where Moise was a staff anesthesiologist, followed by mailing of a copy of the summons and complaint to his residence. Defendant Moise concedes he received the summons and complaint the day following delivery from a secretary in the Department of Anesthesiology but he argues that such service was not in compliance with CPLR 308 (2) because his "actual place of business" was the Department of Anesthesiology and not the hospital administration office. Since defendant had shown no actual place of business other than Beekman Downtown Hospital, service upon a person of suitable age and discretion in the administration office comported with the requirements of CPLR 308 (2). As all other conditions for delivery and mail service have been met, service upon appellant was proper. (*See, Chalk v Catholic Med. Center,* 58 AD2d 822.) The mere sworn denial of receipt of the copy of the summons and complaint at his home, without further probative facts, is insufficient to overcome the presumption of delivery which attaches to a properly mailed letter (*Engel v Lichterman,* 95 AD2d 536, *affd* 62 NY2d 943). Since the appellant's affidavit raised no issue of fact in conflict with the affidavit of service, Special Term properly denied his

motion without conducting a traverse hearing. Lazer, J. P., Gibbons, O'Connor and Brown, JJ., concur.