■ BYRON E. VAN RAALTE, JR., et al., Appellants, v DENNIS M. METZ, Respondent, et al., Defendants.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Winick, J.), dated September 22, 1988, which, after a hearing, denied their motion to strike the defendant Dennis M. Metz's affirmative defense of lack of jurisdiction and dismissed the complaint insofar as it is asserted against that defendant.

Ordered that the order is affirmed, with costs.

The primary issue at the hearing on the plaintiffs' motion to strike the defendant Metz's affirmative defense of lack of jurisdiction was whether the process server properly "affixed" the pleadings to the door of the defendant's residence or whether he "wedged" the pleadings between the storm door and door jamb of the front entrance to the residence. The process server testified that he affixed the pleadings to the door by means of scotch tape; Metz's wife, however, testified that she found the pleadings wedged in the doorway, as described above. This conflicting testimony presented an issue of credibility which the Supreme Court determined in favor of the defendant Metz. It is well settled that matters of credibility are best determined by the hearing court, whose decision should not be disturbed if supportable by a fair interpretation of the evidence *(see, Laurence v Hillcrest Gen. Hosp.—GHI Group Health,* 119 AD2d 808; *Feeney v Booth Mem. Med. Center,* 109 AD2d 865; *Martini v Powers,* 105 AD2d 731). Based upon our review of the record, we see no reason to disturb the determination of the hearing court. Wedging pleadings in a doorway does not constitute "affixation" within the meaning of CPLR 308 (4) *(see, Werner v Schweit,* 138 AD2d 592; *Steltzer v Eason,* 131 AD2d 833; *PacAmOr Bearings v Foley,* 92 AD2d 959), and accordingly the Supreme Court properly denied the plaintiffs' motion to strike the defendant

Metz's affirmative defense of lack of jurisdiction and dismissed the complaint insofar as it is asserted against him. Brown, J. P., Rubin, Eiber and Rosenblatt, JJ., concur.