■ EMPIRE INSURANCE COMPANY, as Subrogee of RICHARD MARIOTTI, Appellant, v DAWN MARQUEZ, Respondent.—Mahoney, P. J. Appeal from an order of the Supreme Court (Harlem, J.), entered January 29, 1990 in Otsego County, which granted defendant's motion for summary judgment dismissing the complaint for lack of personal jurisdiction.

Plaintiff, as subrogee on a claim, sought to recover damages caused by fire to realty owned by its insured at 19 Franklin Street in the City of Oneonta, Otsego County. A process server unsuccessfully attempted to personally serve defendant at her place of abode on August 10, 17, 24 and September 2, 1988. On this last date, the process server wedged a copy of the summons and complaint between the locked screen door and inner door of the residence and, on September 7, 1988, mailed a copy of the papers enclosed in a postpaid wrapper addressed to defendant at her residence. Defendant denies ever receiving such mail. Defendant's answer, served on February 8, 1989, alleged as an affirmative defense a lack of personal jurisdiction. Thereafter, defendant moved for summary judgment upon the ground that the court lacks jurisdiction because of plaintiff's failure to comply with the provisions of CPLR 308 (4). Supreme Court granted the motion. This appeal by plaintiff ensued.

CPLR 308 (4) provides that if personal service of the summons upon the defendant cannot be accomplished under CPLR 308 (1) or (2) with "due diligence", then service may be effected "by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by * * * mailing the summons to such person at his or her last known address". As we previously observed in *PacAmOr Bearings v*

*Foley* (92 AD2d 959, 960), "[t]he affixing of a summons to the door is to be accomplished by use of a nail, tack, tape, rubber band or some other device which will ensure a genuine adherence". Further, it is the plaintiff who bears the burden of establishing that personal jurisdiction over defendant was obtained *(see, Bernardo v Barrett,* 87 AD2d 832, 833, *affd* 57 NY2d 1006).

Here, plaintiff concedes in its brief that when the process server was unable to find anyone at home on September 2, 1988, a copy of the summons and complaint was wedged in the door frame of the locked screen door and that he did not tape, tack or nail the summons to the locked door. This type of service without the use of tape or other device simply is not an affixation within the meaning of CPLR 308 (4) *(see, Steltzer v Eason,* 131 AD2d 833, 834). Indeed, in *Werner v Schweit* (138 AD2d 592) the Second Department held "that the mere slipping of the papers between the screen door and the doorjamb was not a proper 'affixing' as required by the statute" *(see also, Van Raalte v Metz,* 161 AD2d 760 [2d Dept]). Accordingly, summary judgment dismissing the complaint was properly granted.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.