■ GENWAY CORPORATION, Respondent, v EILEEN ELGUT, Defendant, and ALAN WITZER, Appellant.—In an action to recover damages for breach of an automobile lease, the defendant Alan Witzer appeals from so much of a judgment of the Supreme Court, Nassau County (Christ, J.), dated April 13, 1990, as, upon granting those branches of the plaintiff's motion which were to dismiss the affirmative defenses asserted in his verified answer and for partial summary judgment as against him, is in favor of the plaintiff and against him in the principal amount of $7,286.64.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the contention of the defendant Alan Witzer, the Supreme Court acted properly in dismissing his affirmative defense of lack of personal jurisdiction. The affidavit of service submitted by the plaintiff constituted prima facie evidence of proper service *(see, Bidetti v Salter, 108 AD2d 890; Mitchell v Mendez, 107 AD2d 737),* and Witzer wholly failed to dispute the veracity or content of the affidavit and to allege any facts to substantiate his conclusory assertion that he was not properly served with process *(see, e.g., Newman & Leventhal v Sanders, 115 AD2d 360; Colon v Beekman Downtown Hosp., 111 AD2d 841).*

Similarly unavailing is Witzer's contention that his claim of an oral modification of the parties' written lease precludes an award of summary judgment in favor of the plaintiff. Inas-

much as the lease expressly provided that it could not be orally modified, and Witzer's alleged partial performance of the oral modification was not unequivocally referable to that purported modification *(see generally, Rose v Spa Realty Assocs.,* 42 NY2d 338, 341; *Pau v Bellavia,* 145 AD2d 609, 610), the requirement of General Obligations Law § 15-301 (1) that the modification be written in order to be enforceable was applicable to this case. In any event, the alleged oral modification did not contain the requisite elements necessary to constitute a valid and enforceable accord and satisfaction.

Witzer further contends that the plaintiff lacks the standing and capacity to maintain this action because it is not authorized to do business in New York *(see,* Business Corporation Law § 1312 [a]) and because it failed to demonstrate its status as the lessor's successor in interest. However, these claims are asserted for the first time on this appeal; hence, they are not properly before us and we decline to consider them *(see, Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757).

Accordingly, inasmuch as Witzer did not raise any material triable issue of fact in opposition to the plaintiff's motion and failed to establish any need for further discovery, the Supreme Court acted properly in awarding partial summary judgment in favor of the plaintiff. Sullivan, J. P., Balletta, Ritter and Copertino, JJ., concur.