■ Manhattan Savings Bank, Formerly Known as Williamsburgh Savings Bank, Respondent, v Lee Kohen, Appellant, et al., Defendants. [647 NYS2d 256] —In an action to foreclose a mortgage on real property, the defendant Lee Kohen appeals (1) from an order of the Supreme Court, Queens County (Lerner, J.), dated August 9, 1994, which denied her motion to vacate a judgment of foreclosure and sale based on lack of personal jurisdiction; (2) as limited by her brief, from so much of an order of the same court dated September 20, 1994, as, upon reargument, adhered to the court's prior determination; (3) from an order of the same court dated November 14, 1994, which granted the plaintiff's application to compel the delivery of possession of the subject premises; (4) from an order of the same court dated January 5, 1995, which granted the plaintiff's ex parte motion to confirm the Referee's report of sale; and (5) an order of the same court dated May 25, 1995, which denied the appellant's motion, *inter alia,* to vacate the Referee's sale and void the Referee's deed.

Ordered that the appeal from the order dated August 9, 1994, is dismissed, as that order was superseded by the order dated September 20, 1994, made upon reargument; and it is further,

Ordered that the order dated September 20, 1994, is affirmed insofar as appealed from and the orders dated November 14, 1994, and May 25, 1995, are affirmed; and it is further,

Ordered that the appeal from the order dated January 5, 1995, is deemed an application pursuant to CPLR 5704 to vacate an ex parte order; and it is further,

500

Ordered that the application pursuant to CPLR 5704 is denied; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The process server's affidavit, which indicated that the appellant was served with process pursuant to CPLR 308 (4), constituted prima facie evidence of proper service, and the appellant's conclusory denial of service was insufficient to dispute the veracity or content of the affidavit (*see, Sando Realty Corp. v Aris,* 209 AD2d 682; *Genway Corp. v Elgut,* 177 AD2d 467; *Colon v Beekman Downtown Hosp.,* 111 AD2d 841). The appellant's motion to vacate the judgment of foreclosure and sale based on lack of personal jurisdiction (*see,* CPLR 5015 [a] [4]) was therefore properly denied without a hearing (*see, Sando Realty Corp. v Aris, supra; Genway Corp. v Elgut, supra; Colon v Beekman Downtown Hosp., supra*).

The appellant's remaining contentions are without merit. Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.