■ REMINGTON INVESTMENTS, INC., Respondent, v SAUL SEIDEN et al., Appellants. [658 NYS2d 696] —In an action, *inter alia,* to recover sums due under a promissory note and personal guarantees, the defendants appeal from an order of the Supreme Court, Suffolk County (Lama, J.), entered June 19, 1996, which granted the plaintiff's motion for summary judgment.

Ordered that the order is affirmed, with costs.

In opposition to the plaintiff's motion for summary judgment, the appellants argued, *inter alia,* that they had not been served with the summons and complaint. The trial court rejected this argument on the ground that the appellants' allegations were vague and conclusory and insufficient to raise an issue of fact. The appellants' sole contention on appeal is that the court erred in deciding this jurisdictional issue without holding a hearing. We disagree.

The affidavits of the process server constitute prima facie evidence of proper service pursuant to CPLR 308 (2), and the appellants' conclusory denials of service are insufficient to raise any issue of fact *(see, Sando Realty Corp. v Aris,* 209 AD2d 682; *Genway Corp. v Elgut,* 177 AD2d 467). Since the appellants failed to specifically refute the contents of the affidavits of service or substantiate their own conclusory allegations, the trial court properly determined the issue of service without first conducting a hearing *(see, Sando Realty Corp. v Aris, supra; Genway Corp. v Elgut, supra).* Miller, J. P., Sullivan, Joy and Altman, JJ., concur.