■ Stacey Hopkins, Respondent, v Dominick J. Tinghino et al., Appellants. [669 NYS2d 735] —Cardona, P. J. Appeal from an order of the Supreme Court (Cobb, J.), entered March 24, 1997 in Columbia County, which, *inter alia*, granted plaintiff's motion for summary judgment.

Plaintiff commenced this action against defendants to recover sums due under a $125,000 mortgage note which had been assigned to plaintiff. The note, dated September 1, 1989, required defendants to make interest-only payments at the rate of 16% per annum commencing October 1, 1989 and continuing monthly until September 1, 1990, at which time the principal balance was due. In their answer to the complaint, defendants, *inter alia*, asserted the affirmative defenses of lack of personal jurisdiction, usury, Statute of Limitations and that plaintiff was not a true party in interest. Plaintiff successfully moved to strike the latter two defenses. Thereafter, plaintiff moved for summary judgment and defendants cross-moved to dismiss the complaint. Supreme Court, *inter alia*, granted plaintiff's motion and this appeal by defendants followed.

Initially, we exercise our discretion to treat the notice of appeal as valid despite its inaccurate description of the order appealed from (*see*, CPLR 5520 [c]).* Accordingly, we will consider defendants' assertions that there are various triable questions of fact regarding whether personal jurisdiction was obtained over them and whether the loan was usurious which preclude the grant of summary judgment in plaintiff's favor.

Turning first to the issue of personal jurisdiction, plaintiff submitted affidavits from the process server indicating that substitute service was effectuated upon defendants at their place of residence utilizing the "nail and mail" method (*see*, CPLR 308 [4]). In opposition thereto, defendants submitted only the affidavit of defendant Dominick J. Tinghino, who stated that "no Summons and Complaint ever appeared on your deponent's door, nor on the co-defendant's door". "CPLR 308 (4) provides that if personal service of the summons upon the defendant cannot be accomplished under CPLR 308 (1) or (2) with 'due diligence', then service may be effected 'by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by * * * mailing the summons to such person at his or her last known address'" (*Empire Ins. Co. v Marquez*, 168 AD2d 810, *lv denied* 77 NY2d 808, quoting CPLR 308 [4]). It is clear that the statute requires "two services: an affixation (the nailing) and a mailing" (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C308:4, at 309). In his affidavit, Dominick Tinghino refutes the process server's allegation that the summons and complaint were affixed to the door of his residence. His sworn allegation is sufficient to raise a question of fact in conflict with the affidavit of service (*cf.*, *Dean v Sarner*, 201 AD2d 770; *Colon v Beekman Downtown Hosp.*, 111 AD2d 841) as to whether the affixation requirement was satisfied.

Inasmuch as plaintiff bears the burden of establishing personal jurisdiction (*see*, *Empire Ins. Co. v Marquez, supra*, at 811), this matter must be remitted for a traverse hearing (*see*, *Dzembo v Goran*, 163 AD2d 723) to determine whether service was properly effectuated upon Dominick Tinghino pursuant to the requirements of CPLR 308 (4). However, in the absence of her own affidavit raising an issue of fact in conflict with the affidavit of the process server (*see*, *Colon v Beekman Downtown Hosp., supra*), no such hearing need be conducted concerning service upon defendant Isabel Tinghino and, therefore,

---

* The notice of appeal states that the order was entered in Kings County when, in fact, it was entered in Columbia County.

Supreme Court properly determined that jurisdiction was acquired over her.

Insofar as we conclude that jurisdiction was obtained over Isabel Tinghino, we address defendants' usury defense. While the proceeds received by defendants may have been less than the face amount of the loan, this does not establish that the loan was usurious, particularly in view of the estoppel certificate executed by Isabel Tinghino (*see, Hammelburger v Foursome Inn Corp.*, 54 NY2d 580, 586-587). Furthermore, we note that the assertions regarding usury which are contained in Dominick Tinghino's affidavit are based on nothing more than pure speculation and conjecture (*see, Du Pont v Town of Horseheads*, 163 AD2d 643, 645). Accordingly, Supreme Court properly granted plaintiff's motion as against Isabel Tinghino.

Mikoll, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment against defendant Dominick J. Tinghino; motion denied to that extent, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.