■ GREEN POINT SAVINGS BANK, Respondent, v DENNIS G. CLARK et al., Defendants and SANDI CLARK, Appellant. [676 NYS2d 874] —In an action to foreclose a mortgage, the defendant Sandi Clark appeals from an order of the Supreme Court, Nassau County (Levitt, J.), dated April 23, 1997, which, *inter alia,* denied her motion to vacate a judgment of foreclosure and sale entered April 3, 1995, upon her default in answering the complaint and to dismiss the complaint on the ground that the court lacked personal jurisdiction over her.

Ordered that the order is affirmed, with costs.

The Supreme Court did not err in denying the motion by the appellant Sandi Clark to vacate the judgment of foreclosure and sale entered upon her default in answering without holding a hearing to determine the validity of service of process. The affidavit of the process server constituted prima facie evidence of proper service pursuant to CPLR 308 (1), and the appellant's allegations were insufficient to refute its contents (*see, Simmons First Natl. Bank v Mandracchia,* 248 AD2d 375; *Rem-*

*ington Invs. v Seiden,* 240 AD2d 647; *Sando Realty Corp. v Aris,* 209 AD2d 682). The minor discrepancies between the appellant's appearance and the description in the process server's affidavit were insufficient to raise an issue of fact (*see, Simmons First Natl. Bank v Mandracchia, supra*), and the appellant failed to substantiate her claim that she was not at home at the time of service (*cf., Green Point Sav. Bank v Taylor,* 92 AD2d 910). O'Brien, J. P., Santucci, Krausman and Goldstein, JJ., concur.