■ INGEBORG WIECK, Respondent, v SIDNEY HALPERN, Appellant. [680 NYS2d 599] —In an action to compel the defendant to remove all fencing on his property, the defendant appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated February 26, 1998, which denied his motion pursuant to CPLR 5015 to vacate an order of the same court, entered November 3, 1997, upon his default in answering the complaint or appearing in the action.

Ordered that the order is affirmed, with costs.

The plaintiff commenced an action to compel the defendant to remove all fencing on his property. The plaintiff was directed to personally serve an order to show cause upon the defendant, along with a copy of his previously filed summons and complaint, on or before August 21, 1997. The defendant neither appeared on the return date of the motion nor timely interposed an answer to the complaint. On November 3, 1997, the court granted the motion upon the defendant's default.

The defendant moved to vacate the default arguing, *inter alia*, that he was not served with the motion papers in accordance with the terms of the order to show cause. However, the process server's affidavits constituted prima facie evidence of proper service on August 21, 1997, pursuant to CPLR 308 (1), and the defendant's allegations were insufficient to refute the contents of these affidavits (*see, Green Point Sav. Bank v Clark,* 253 AD2d 410; *Remington Invs. v Seiden,* 240 AD2d 647; *Sando Realty Corp. v Aris,* 209 AD2d 682).

The defendant's remaining contentions are without merit. Mangano, P. J., Miller, Thompson and Luciano, JJ., concur.