■ MICHELE CANTALUPO, Respondent, v SCOTT H. CANTALUPO, Appellant. [707 NYS2d 323] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), entered April 20, 1999, as denied his motion to vacate a judgment of divorce entered November 25, 1987, upon his default in answering and granted that branch of the plaintiff's cross motion which was to impose a sanction for frivolous conduct pursuant to 22 NYCRR 130-1.1.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court did not err in denying the defendant's motion to vacate the judgment of divorce entered upon his default in answering, without conducting a hearing to determine the validity of service of process. The affidavit of the process server constituted prima facie evidence of proper service. In addition, the plaintiff submitted an affidavit from her father who witnessed service upon the defendant. The defendant's allegations were insufficient to refute the contents of those affidavits (see, Wieck v Halpern, 255 AD2d 438; Green Point Sav. Bank v Clark, 253 AD2d 514; Remington Invs. v Seiden, 240 AD2d 647).

The defendant's remaining contentions are without merit.

O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.