OPINION OF THE COURT
Memorandum.
Order unanimously modified by providing that respondents’ motion to dismiss is denied, that petitioners’ cross motion to *519 dismiss the affirmative defenses is granted with respect to all of the affirmative defenses except the affirmative defense that respondents are not proper parties, and matter remanded to the court below for trial; as so modified, affirmed without costs.
In this commercial nonpayment proceeding, the District Court dismissed the petition on the ground that the tenant in possession is a corporation, Aarcha, Inc., and not respondents. In our view, it was error to do so at this stage of the proceeding. In the absence of a written assignment of the lease to Aarcha, Inc. and of landlords’ consent to, or acquiescence in, such an assignment, Aarcha, Inc. did not automatically become the tenant in possession upon its purchase “as nominee” of the assets of the previous tenant. Instead, the question of who is the tenant in possession depends on the understanding reached between the parties and upon the way respondents held themselves out in dealing with petitioners. Because the facts relevant to these issues are in dispute, respondents’ motion should have been denied.
Petitioners’ cross motion to dismiss the affirmative defenses is granted with respect to all of the affirmative defenses except for the affirmative defense that respondents are not the proper parties. Neither in the answer nor in the motion to dismiss did respondents specifically refute the contents of the affidavits of service. The affidavits of service constitute prima facie proof of service, and respondents failed to raise an issue of fact warranting a traverse hearing (Wieck v Halpern, 255 AD2d 438; Remington Invs. v Seiden, 240 AD2d 647). The defense that the petition fails to state a cause of action cannot be raised in the answer and can be raised only in a motion to dismiss (Staten Is.-Arlington, Inc. v Wilpon, 251 AD2d 650; Bentivegna v Meenan Oil Co., 126 AD2d 506). The annexation to the petition of the three-day notice and the affidavit of its service, and their incorporation by reference therein, were sufficient to allege the manner in which rent was demanded. The affirmative defense that the rent demand was not proper is stricken because the three-day notice properly set forth the amount of rent owed and the period for which it was owed.
Floyd, P. J., Colabella and Coppola, JJ., concur.