■ NYCTL 1997-1 Trust et al., Respondents, v Luisita Nillas, Appellant, et al., Defendants. Lana Fraser, Intervenor-Respondent. [732 NYS2d 872] —In an action to foreclose a tax lien, the defendant Luisita Nillas appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Pincus, J.), dated October 25, 2000, as denied her motion, *inter alia*, to vacate a judgment of foreclosure and sale dated September 14, 1999, entered upon, among other things, her failure to appear or answer, and a Referee's Deed dated April 25, 2000.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The motion of the defendant Luisita Nillas (hereinafter the defendant), *inter alia*, to vacate a judgment of foreclosure and sale entered upon, among other things, her failure to appear or answer, was properly denied. The affidavit of the process server constituted prima facie evidence of proper service pursuant to CPLR 308 (1) (*see, Green Point Sav. Bank v Clark*, 253 AD2d 514; *Wieck v Halpern*, 255 AD2d 438), and the defendant failed to substantiate her claim that she was not at the place of service when service was made (*see, Green Point Sav. Bank v Clark, supra*). The claimed discrepancies between the defendant's appearance and the description in the process server's affidavit were minor and not sufficiently substantiated to warrant a hearing (*see, Green Point Sav. Bank v Clark, supra*; *Dominican Sisters v Dunn*, 272 AD2d 367; *Simmons First Natl. Bank v Mandracchia*, 248 AD2d 375).

The defendant's contention that her default should be excused under CPLR 317 and 5015 (a) (1) because she did not receive timely notice of the action was properly rejected, since she failed to allege specific facts to rebut the affidavit of the process server (*see, Silverman v Deutsch*, 283 AD2d 478). Moreover, the defendant did not show that she had a meritorious defense to the tax lien foreclosure (*see, Ninth Fed. Sav. & Loan Assn. v Yelder*, 107 AD2d 799).

The defendant's remaining contentions are without merit. Altman, J. P., Friedmann, Townes and Crane, JJ., concur.