■ CHEMICAL BANK, Respondent, v CURBY DARNLEY, Appellant, et al., Defendants. [752 NYS2d 397] —In an action to foreclose a mortgage, the defendant Curby Darnley appeals from an order of the Supreme Court, Kings County (Clemente, J.), dated December 14, 2001, which denied his motion to vacate a judgment of foreclosure and sale of the same court, dated August 8, 2000, entered upon his default in answering.

Ordered that the order is affirmed, with costs.

The process server's affidavit, which stated that the defendant Curby Darnley was personally served at his residence, constituted prima facie evidence of proper service pursuant to CPLR 308 (1) (*see NYCTL 1997-1 Trust v Nillas,* 288 AD2d 279; *Wieck v Halpern,* 255 AD2d 438; *Green Point Sav. Bank v Clark,* 253 AD2d 514). Darnley's bare denial of service was "insufficient to dispute the veracity [and] content of the affidavit" (*Manhattan Sav. Bank v Kohen,* 231 AD2d 499, 500; *see*

*also Wieck v Halpern, supra; Simmons First Natl. Bank v Mandracchia,* 248 AD2d 375). Accordingly, Darnley's motion to vacate the judgment for lack of personal jurisdiction (*see* CPLR 317, 5015) was properly denied by the Supreme Court without a hearing (*see Manhattan Sav. Bank v Kohen, supra; Sando Realty Corp. v Aris,* 209 AD2d 682).

Darnley's remaining contentions are without merit. Santucci, J.P., Krausman, Crane and Mastro, JJ., concur.