CABLEVISION SYSTEMS NEW
YORK CITY CORPORATION,
Plaintiff–Appellee,

v.

Dennis OKOLO, Defendant–Appellant,

Janeth Hall, George Glasford, Frank
Gueits, Lucy Morales, also known as
Lucy Villaman, Nua Nicaj, Esteban
Morales, Juan Rivera, Peter Rodri-
guez, Harold Romero, Ron Warren,
Defendants.

No. 05–7033–cv.

United States Court of Appeals,
Second Circuit.

Sept. 18, 2006.

Dennis Okolo, pro se, Bronx, New York.

Michael D. Cassell, Lefkowitz, Louis,
Sullivan & Hogan, L.L.P., (Daniel J. Lef-
kowitz, Patrick J. Sullivan, on the brief)
Jericho, New York, for Plaintiff–Appellee.

Present CHESTER J. STRAUB,
SONIA SOTOMAYOR and ROBERT A.
KATZMANN, Circuit Judges.

## SUMMARY ORDER

Appellant Dennis Okolo, *pro se,* appeals from the October 13, 2005 judgment of the United States District Court for the Southern District of New York (Richard C. Casey, *Judge*), denying Okolo's motion to vacate a default judgment entered against him. We assume the parties' familiarity with the facts, procedural context, and issues on appeal.

Okolo claims that the District Court erred in concluding that he was served with the complaint, and thus erred in denying his Rule 60(b)(4) motion to vacate the default judgment. We review *de novo* the District Court's denial of Okolo's Rule 60(b)(4) motion. *See Burda Media, Inc. v. Viertel,* 417 F.3d 292, 298 (2d Cir.2005). Under New York law, "a process server's affidavit of service establishes a prima facie case of the account of the method of service, and thus, in the absence of contrary facts, we presume that [Okolo] was properly served with the complaint." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.,* 301 F.3d 54, 57 (2d Cir.2002).

■ In response to the process server's affidavit submitted in this case, Okolo failed to establish facts sufficient to warrant a full evidentiary hearing, or show that the District Court otherwise erred in denying his motion. His references to minor discrepancies between the description of the recipient of the complaint, as set forth in the process server's affidavit, and his own description of his wife, do not support a finding that service was defective. *See Nyctl 1997–1 Trust v. Nillas,* 288 A.D.2d 279, 732 N.Y.S.2d 872 (2d Dep't 2001). Nor does his general denial of service warrant an evidentiary hearing, especially in light of the similarity between the descriptions just mentioned. In short, Okolo's general denials fail to rise to the level of "specific facts" necessary to warrant an evidentiary hearing. *See Old Republic Ins. Co.,* 301 F.3d at 58; *see also Engel v. Lichterman,* 95 A.D.2d 536, 467 N.Y.S.2d 642, 644 (2d Dep't 1983) ("[M]ere denial of receipt ... is insufficient to overcome the presumption of delivery and trigger the need for a hearing.").

■ To the extent that Okolo's motion sought to vacate the judgment pursuant to Rule 60(b)(6), we conclude that the District Court did not abuse its discretion in determining that Okolo's default was willful and that he failed to establish a meritorious defense.

The judgment of the District Court is hereby AFFIRMED.