■ In the Matter of MOSHE YIDE GOLDBERGER et al., Respondents, v ISAAC GANSBURG et al., Appellants. [926 NYS2d 116]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award of a rabbinical court dated March 19, 2009, Isaac Gansburg and Joseph Gansburg appeal (1), as limited by their brief, from so much of an amended order of the Supreme Court, Kings County (Schack, J.), dated June 22, 2010, as denied, without a hearing, their motion pursuant to CPLR 3211 (a) (8) to dismiss the petition, and granted the petition, and (2) from a judgment of the same court dated August 3, 2010, which, upon the amended order dated June 22, 2010, is in favor of the petitioners and against them in the sum of $101,610.

Ordered that the appeal from the amended order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal from the intermediate amended order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the proceeding (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the amended order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly denied, without a hearing, the appellants' motion pursuant to CPLR 3211 (a) (8) to dismiss the petition for lack of personal jurisdiction. The process server's affidavits of service constituted prima facie evidence of proper service pursuant to CPLR 308 (2) (*see Wells Fargo Bank, N.A. v McGloster*, 48 AD3d 457 [2008]; *96 Pierrepont v Mauro*, 304 AD2d 631 [2003]; *Simmons First Natl. Bank v Mandracchia*, 248 AD2d 375 [1998]). The appellants neither refuted the prima facie evidence of proper service nor raised a factual issue necessitating a hearing to determine the validity of service of process (*see Wells Fargo Bank, N.A. v McGloster*, 48 AD3d at 457; *Roberts v Anka*, 45 AD3d 752, 753-754 [2007]; *Simmons First Natl. Bank v Mandracchia*, 248 AD2d at 375).

An arbitration award may be vacated, inter alia, on the ground that "it is clearly violative of a strong public policy" (*Matter of Erin Constr. & Dev. Co., Inc. v Meltzer*, 58 AD3d 729, 729 [2009]; *see Matter of Miro Leisure Corp. v Prudence Orla, Inc.*, 83 AD3d 945 [2011]; CPLR 7511 [b]). Contrary to the appellants' contention, they failed to establish this ground for vacating the arbitration award, and the Supreme Court properly granted the petition to confirm the award. Mastro, J.P., Angiolillo, Chambers and Cohen, JJ., concur.