Andleeb Shaukat, Appellant, 
against
Roderick Wilcox, Respondent.




Jack L. Glasser, P.C., for appellant.
David H. Perlman, Esq., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Katherine A. Levine, J.), entered June 20, 2016. The order, in effect, denied a motion by landlord to vacate an order of the same court dated December 15, 2015 setting the matter down for a traverse hearing, and denied a separate motion by landlord for summary judgment on the petition and dismissing tenant's affirmative defenses and counterclaims, in a holdover summary proceeding.




ORDERED that so much of the appeal as is from the portion of the June 20, 2016 order that denied landlord's motion to vacate the order dated December 15, 2015 is dismissed as moot in light of our determination of the remainder of the appeal; and it is further,
ORDERED that the June 20, 2016 order, insofar as reviewed, is reversed, without costs, and landlord's motion for summary judgment on the petition and dismissing tenant's affirmative defenses and counterclaims is granted.
Landlord commenced this commercial holdover proceeding alleging that the tenancy had been terminated, by notice of termination, pursuant to a clause in the lease permitting the lessor to terminate the lease if, upon the partial destruction of the premises, the damage could not be repaired within 60 days. The record indicates that, on December 15, 2015, before tenant served an answer, the court ordered that the matter be set down for a traverse hearing. Tenant subsequently filed an answer, alleging improper service, among other things, and interposing counterclaims for constructive eviction, and failure to make repairs and provide services, without alleging any supporting facts.
Landlord moved for summary judgment on the petition and dismissing tenant's affirmative defenses and counterclaims, and, separately, to vacate the December 15, 2015 order setting the matter down for a traverse hearing. Tenant did not oppose landlord's motion for [*2]summary judgment, but did submit an attorney's affirmation in opposition to landlord's motion to vacate the order setting the matter down for a traverse hearing. By order entered June 20, 2016, the Civil Court held that the service issue would be dealt with at trial, rather than at a "stand alone traverse hearing," and otherwise denied the motions. 
A process server's affidavit of service generally gives rise to a presumption of proper service and, in order to rebut this prima facie showing and raise an issue of fact, the party disputing service is required to submit a sworn, nonconclusory and factually specific denial of service (see Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d 719 [2014]). Here, landlord submitted the affidavit of service in support of his motion for summary judgment. As tenant never opposed that motion, and the only allegations of improper service in this proceeding were conclusory and were made by tenant's attorney, summary judgment dismissing the affirmative defense of improper service should have been granted (see Genway Corp. v Elgut, 177 AD2d 467 [1991]).
Paragraph 13 of the lease provides that either party may terminate the lease in the event of the partial destruction of the premises and the lessor's inability to repair the damage within 60 days. It is undisputed on this record that a fire had substantially destroyed the entire building in which the subject premises is located before landlord purchased it. Landlord's unrebutted description of the fire damage established, prima facie, that the necessary repairs to the premises could not have been made within 60 days of the fire. Landlord showed that he terminated the tenancy on that ground by service of a notice of termination. Accordingly, landlord demonstrated his prima facie entitlement to recover possession. He also demonstrated, prima facie, that tenant's counterclaims based on constructive eviction and landlord's alleged willful refusal to repair the premises are without merit, since the lease specifically permits either party to terminate the lease under the circumstances presented. As tenant did not rebut any of landlord's allegations, landlord's motion for summary judgment on the petition and dismissing tenant's affirmative defenses and counterclaims should have been granted. 
In view of the foregoing, so much of the appeal as is from the portion of the June 20, 2016 order as, in effect, denied landlord's motion to vacate the December 15, 2015 order is dismissed as moot.
Accordingly, the order, insofar as reviewed, is reversed, and landlord's motion for summary judgment on the petition and dismissing tenant's affirmative defenses and counterclaims is granted. 
Weston, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: June 02, 2017