Appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered February 9, 2016. The order denied the motion of the defendants Lori Hoffmann, also known as Lori J. Hoffman, and Roy Hoffmann, inter alia, to vacate a judgment of foreclosure and sale entered upon their failure to answer the complaint.
 

 Ordered that the order is affirmed, with costs.
 

 The Supreme Court properly denied the appellants’ motion, inter alia, to vacate a judgment of foreclosure and sale entered upon their failure to answer the complaint, without conducting a hearing to determine the validity of service of process. The process server’s affidavits constituted prima facie evidence of proper service, and the appellants’ allegations were insufficient to refute the contents of the affidavits (see Wells Fargo Bank, N.A. v Tricarico, 139 AD3d 722 [2016]; Citimortgage, Inc. v Baser, 137 AD3d 735, 736 [2016]; Indymac Fed. Bank, FSB v Hyman, 74 AD3d 751, 751-752 [2010]; Wells Fargo Bank, N.A. v McGloster, 48 AD3d 457, 458 [2008]; Chemical Bank v Darnley, 300 AD2d 613 [2002]; Green Point Sav. Bank v Clark, 253 AD2d 514 [1998]). The claimed discrepancies between the appearance of the appellant Lori Hoffmann, also known as Lori J. Hoffman, and the description in the process server’s affidavit with respect to personal service upon her were minor and insufficient to warrant a hearing (see Citimortgage, Inc. v Baser, 137 AD3d at 736; Indymac Fed. Bank, FSB v Hyman, 74 AD3d at 751; Wells Fargo Bank, N.A. v McGloster, 48 AD3d at 458; Chemical Bank v Darnley, 300 AD2d at 613; Green Point Sav. Bank v Clark, 253 AD2d at 514).
 

 In light of our determination that the appellants are not entitled to vacatur of their default, we need not reach their remaining contentions.
 

 Rivera, J.P., Miller, Maltese and Connolly, JJ., concur.