Real Estate Mtge. Network, Inc. v Martinez (2018 NY Slip Op 08162)





Real Estate Mtge. Network, Inc. v Martinez


2018 NY Slip Op 08162


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2018-03066
 (Index No. 25426/11)

[*1]Real Estate Mortgage Network, Inc., respondent,
v
Richard Martinez, et al., defendants, Brenda Perez, appellant.


Jeffrey Herzberg, P.C., Hauppauge, NY, for appellant.
Rosicki, Rosicki & Associates, P.C., Plainview, NY (Andrew Morganstern and Edward Rugino of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Brenda Perez appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated January 18, 2018. The order denied, without a hearing, that defendant's motion pursuant to CPLR 5015(a)(4) and 308, in effect, to vacate a judgment of foreclosure and sale of the same court entered November 29, 2017, upon that defendant's failure to appear or answer the complaint, and to dismiss the complaint insofar as asserted against that defendant for lack of personal jurisdiction.
ORDERED that the order is affirmed, with costs.
The plaintiff, Real Estate Mortgage Network, Inc., commenced this mortgage foreclosure action against the defendant Brenda Perez, among others, in August 2011. On or about May 11, 2017, the Supreme Court signed an order of reference without opposition. The plaintiff subsequently moved, inter alia, for a judgment of foreclosure and sale, which was entered, again without opposition, on November 29, 2017.
Perez moved pursuant to CPLR 5015(a)(4) and 308, in effect, to vacate the judgment of foreclosure and sale entered upon Perez's failure to appear or answer the complaint, and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. Perez argued that the Supreme Court lacked personal jurisdiction over her because the plaintiff failed to properly serve her with the summons and complaint. In an order dated January 18, 2018, the court denied the motion without a hearing. Perez appeals.
We agree with the Supreme Court's denial of Perez's motion. The plaintiff submitted the process server's affidavit of service, which constituted prima facie evidence of proper service pursuant to CPLR 308(2) (see JP Morgan Trust Bank, N.A. v Hoffmann, 154 AD3d 699, 699; Matter of Goldberger v Gansburg, 85 AD3d 914; Wells Fargo Bank, N.A. v McGloster, 48 AD3d 457; 96 Pierrepont v Mauro, 304 AD2d 631). By failing to proffer her own sworn statement as to her actual dwelling place or swear to specific facts rebutting the statements in the process server's affidavit, Perez failed to refute the prima facie evidence of proper service and raise a factual issue necessitating a hearing to determine the validity of service of process (see NYCTL 2009-A Trust v Tsafatinos, 101 [*2]AD3d 1092; Matter of Goldberger v Gansburg, 85 AD3d at 915; Countrywide Home Loans Servicing, LP v Albert, 78 AD3d 983, 984; Chemical Bank v Darnley, 300 AD2d 613, 613-614).
AUSTIN, J.P., ROMAN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court