4443 Third Ave. LLC v Convenience on 3rd 44 Corp. (2024 NY Slip Op 51122(U))

[*1]

4443 Third Ave. LLC v Convenience on 3rd 44 Corp.

2024 NY Slip Op 51122(U)

Decided on August 28, 2024

Civil Court Of The City Of New York, New York County

Li, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 28, 2024
Civil Court of the City of New York, New York County

4443 Third Avenue LLC, Petitioner,

against
Convenience on 3rd 44 Corporation, Respondent(s)/Tenant(s).

Index No. LT-300342-24/NY

Petitioner's counsel:
SDK Heiberger LLP
205 East 42nd Street, 6th Floor 
New York, NY 10017
Respondent's counsel: 
Law Office of Mark Scolnick
84-03 Cuthbert Road, Suite 1B
Kew Gardens, NY 11415

Wendy Changyong Li, J.

I. Recitation of the papers considered in the review of this Motion as required by CPLR 2219 (a)
Upon reading Petitioner's Motion ("Motion #1") for summary judgment and to dismiss Respondent's affirmative defenses and counterclaims, Respondent's opposition and cross-motion ("Motion #2") for summary judgment, and Petitioner's reply ("Reply"), together with all supporting documents, Motion #1 and Motion #2 are decided as follows.
II. Procedural History
On May 10, 2022, Petitioner-Landlord and Respondent-Tenant entered into a lease agreement ("Lease") for a ten (10) year term, On January 4, 2024, Petitioner-Landlord initiated a special proceeding pursuant to RPAPL 715 (1) and RPAPL 711 (5) against Respondent, seeking a judgment of possession and monetary damages, alleging illegal activities of Respondent. Respondent interposed its answer on January 22, 2024. Subsequently, Petitioner moved for a summary judgment on its claims and to strike all Respondent's affirmative defenses and counterclaims. Respondent opposed Petitioner's motion and moved for a summary judgment dismissing the Petition.
III. Discussion
Petitioner's Motion to Strike Affirmative Defenses and Counterclaims
"In reviewing a motion to dismiss an affirmative defense, the court must liberally construe the pleadings in favor of the party asserting the defense and give that party the benefit of every reasonable inference" (Mazzei v. Kyriacou, 98 AD3d 1088, 1089, 951 N.Y.S.2d 557, 559 [2nd Dept. 2012]). The movant "bears the burden of demonstrating that the defenses are without merit as a matter of law" (534 E. 11th St. Hous. Dev. Fund Corp. v Hendrick, 90 AD3d 541, 541, 935 N.Y.S.2d 23 [1st Dept 2011]). "The movant may satisfy this burden by showing that affirmative defenses either do not apply under the factual circumstances of [the] case, or fail to state a defense" (Brand Brand Nomberg & Rosenbaum, LLP v. Cohen, 2019 NY Slip Op 32491[U], ¶ 2 [Sup. Ct. 2017]).
Affirmative defense one (1) is stricken. Respondent alleged that Petitioner failed to provide a predicate notice to cure as set out in the Lease. Respondent noted that the purpose of a notice to cure was to "apprise the tenant of claimed defaults under the Lease and for the forfeiture and termination of the lease if such defaults [were] not cured within a set period of time" (Memorandum in Opposition, Motion #2, ¶ 66). Petitioner argued that this holdover proceeding was predicated on previous illegal tenant actions for selling cannabis products and tobacco without a proper license; there was no way to "cure" this defect. Additionally, since this holdover proceeding was predicated on a violation of law, the proceeding presumes that the Lease was "void" and was therefore terminated (see RPL 231[1]; see also Hudsonview Co. v. Jenkins, 169 Misc 2d 389, 391 [Civ. Ct. 1996]). This Court agrees. "It is therefore not necessary for the landlord to serve a predicate termination notice as a condition precedent to bringing on an illegal use eviction proceeding" (36170 Realty Ltd v. Boyd, 73 Misc 3d 920, 935 [Civ. Ct. 2021]).
Affirmative defense two (2) is stricken. Petitioner attached process server Holley's affidavit (Motion #1, Exhibit E), establishing a presumption of service (Deutsche Bank Nat'l Tr. Co. v. O'King, 148 AD3d 776, 776, 51 N.Y.S.3d 523, 524 [2nd Dept. 2017]). Holley stated under oath that he/she delivered the Petition to an employee of Respondent named "Mel" and provided a description of the physical features. In response, Respondent provided Abdullah's Affidavit ("Abdullah Aff") denying that either "Respondent [or] respondent's agents authorized to accept service on behalf of Respondent" were served with the Petition. However, the Abdullah Aff mistakenly limited those "authorized to accept service on behalf of Respondent" to "owner and/or corporate officer". On the contrary, RPAPL 735 allows the delivery of Petition "to a person of suitable age and discretion who resides or is employed at the property sought to be recovered". The Abdullah Aff did not deny that "Mel" was an employee of the Respondent. Respondent also alleged that "Petitioner failed to attach receipts for certified or first class mail" (Memorandum in Opposition, Motion #2, ¶ 89), which was contradicted by the documentary [*2]evidence (Motion #1, Exhibit E). Here, Respondent's "bare denial of service [is] insufficient to dispute the veracity and content of the affidavit" (Chem. Bank v. Darnley, 300 AD2d 613, 613, 752 N.Y.S.2d 397, 397 [2nd Dept. 2002]).
Affirmative defense three (3) is stricken. In a holdover proceeding commenced based on alleged illegal activity, "the doctrine of waiver is inapplicable regardless of whether a landlord, after commencing the proceeding, accepts rent, renews the lease or commences a nonpayment proceeding, since it would be against public policy, and such actions cannot operate to waive the already committed illegal acts which statutorily void the lease pursuant to RPL § 231 (1)" (Bel Air Leasing L.P. v. Kuperblum, 2007 NY Slip Op 27123, ¶ 4, 15 Misc 3d 986, 991, 834 N.Y.S.2d 823, 827 [Civ. Ct. 2007]).
Affirmative defense six (6) is stricken as it relied on the viability of either affirmative defense one (1) (defective predicate notice) or two (2) (defective service). Other Respondent's arguments for affirmative defense six (6) are meritless.
Furthermore, affirmative defenses four (4), nine (9), ten (10), twelve (12), thirteen (13), and seventeen (17) are stricken as without merit.
The Court denies the branch of Petitioner's motion seeking to dismiss affirmative defenses five (5), seven (7), eight (8), eleven (11), fourteen (14), fifteen (15), sixteen (16) and eighteen (18).
The Court dismisses all Respondent counterclaims pursuant to paragraph 25 of the Lease, which states that "in the event Owner commences any proceeding or action for possession, including a summary proceeding for possession of the demised premises, Tenant will not interpose any counterclaim of whatever nature or description in any such proceeding, including a counterclaim under Article 4, except for statutory mandatory counterclaims." Here, Respondent failed to allege that any of its counterclaims were "statutory mandatory counterclaims". "Courts have held that the waiver of the right to assert defenses, counterclaims or setoffs is enforceable and thus not violative as against public policy" (Weiss v. Phillips, 157 AD3d 1, 10, 65 N.Y.S.3d 147, 155 [1st Dept. 2017]; see also Parasram v. DeCambre, 247 AD2d 283, 283, 668 N.Y.S.2d 454 [1st Dept. 1998]).
Petitioner's Motion for Summary Judgment
CPLR 3212 provides that "a motion for summary judgment shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions" (CPLR 3212[b]). "Mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (Zuckerman v. City of New York, 49 NY2d 557, 562 [1980]). "A [party] moving for summary judgment has the initial burden of coming forward with admissible evidence, such as affidavits by persons having knowledge of the facts, reciting the material facts and showing that the cause of action has no merit" (GTF Mktg. v. Colonial Aluminum Sales, 66NY2d 965, 967 [1985]; Anghel v. Ruskin Moscou Faltischek, P.C., 190 AD3d 906, 907 [2d Dept 2021], see Jacobsen v. New York City Health & Hosps. Corp., 22NY3d 824, 833 [2014]). A motion for summary judgment "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (CPLR 3212[b]; Zuckerman v. City of New York, at 562, see GTF Mktg. v. Colonial Aluminum Sales, 66NY2d at 968).
Here, Petitioner's documentary evidence in its moving papers is insufficient for a summary judgment. The supporting document in Plaintiff's motion evidencing illegal tenant [*3]activity was a letter from NYC Sheriff's Office referring to an unspecified law enforcement action and/or violation without providing any identifying details. Although "to assert a valid claim pursuant to RPAPL 711(5) petitioner need not prove the commission of the specific illegal acts, rather all that is necessary is that the acts and conduct proven warrant an inference that the premises were being used for any illegal trade or manufacture, or other illegal business" (36170 Realty Ltd v. Boyd, 73 Misc 3d 920, 941 [Civ. Ct. 2021]), Petitioner nevertheless failed to prove its prima facie case warranting a summary judgment for its claim.
However, evidence suggesting illegal business behavior on Respondent's part did exist. Petitioner waited until filing its reply in support to provide this evidence to the Court. These materials included evidence of an arrest conducted on relevant premises with 486 THC vapes, 107 THC edibles, 705 THC pre-rolls, and thousands of tobacco products seized as contraband, with this arrest leading to $50,200 in civil fines against Respondent (Reply, Exhibit C). Pictures of presumed contraband was included in Exhibit A of Reply; Copy of Summons from the Department of Consumer and Worker Protection charging Respondent with multiple violations of the NYC Admin Code, among other violations, was documented in Exhibit D of Reply.
While this evidence would have supported the claims made by Petitioner in its motion for summary judgment, the Court will not consider it in deciding Motion #1. It is improper to submit materials for the first time in the reply papers (see Encarnacion v. Smith, 70 AD3d 628, 628, 893 N.Y.S.2d 625, 625 [2nd Dept. 2010]). For the Court to consider new materials submitted in Reply would deprive Respondent of the ability to respond. The branch of Petitioner's motion seeking a summary judgment for possession is denied.
However, the Court considers the aforementioned documentary evidence in deciding Respondent's cross-motion for summary judgment, because Petitioner properly provided the evidence suggesting Respondent's illegal behavior in Petitioner's opposition to Respondent's cross-motion, Motion #2. This Court notes, however, the aforementioned documentary evidence was not properly provided in support of Plaintiff's principal Motion #1 for summary judgment, as previously discussed. The Court's consideration of materials first submitted in opposition to a cross-motion does not prejudice the cross-movant, as cross-movant could still respond in its own reply (see Porat v. Rybina, 58 Misc 3d 1205(A), 94 N.Y.S.3d 540 [Sup. Ct. 2017]). Such documentary evidence submitted by Petitioner is sufficient to raise multiple triable issues of fact. Hence Respondent's cross-motion for summary judgment dismissing the Petition is DENIED. 
IV. Order
Accordingly, it is
ORDERED Motion #1 is partially GRANTED to the extent that affirmative defenses one (1), two (2), three (3), four (4), six (6), nine (9), ten (10), twelve (12), thirteen (13), and seventeen (17), along with all Respondent counterclaims are dismissed; the other branch of Petitioner's Motion #1 is DENIED; and it is further
ORDERED that Motion #2, Respondents' motion for summary judgment seeking to dismiss the Petition is DENIED in its entirety.
This constitutes the decision and order of this Court.
Dated: August 28, 2024
New York County
Honorable Wendy Changyong Li, J.C.C