301 F.3d 54
 OLD REPUBLIC INSURANCE COMPANY, Plaintiff-Appellee,
v.
PACIFIC FINANCIAL SERVICES OF AMERICA, INC., d/b/a First Financial Services of America Inc., & Midwest Fireworks Mfg. Co. Inc., Defendants-Appellants.
 Docket No. 00-9480.
 United States Court of Appeals, Second Circuit.
 Argued: November 1, 2001.
 Decided: August 22, 2002.
 
 Richard L. Furman, Furman & Delcore, P.C., Great Neck, N.Y. (Claudia Botero Götz, on the brief), for Plaintiff-Appellee.
 Lowell B. Davis, Carle Place, N.Y. (William N. Masters, Winters & Masters, Cleveland, OH, on the brief), for Defendants-Appellants.
 Before: WALKER, Chief Judge, POOLER and KATZMANN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-appellant Pacific Financial Services of America, Inc. ("Pacific"),[1] appeals from the order of the United States District Court for the Southern District of New York (Richard Owen, District Judge) denying its motion to vacate a default judgment in the amount of $119,546.09 entered in favor of plaintiff-appellee Old Republic Insurance Company ("Old Republic"). We affirm.
 
 BACKGROUND
 
 2
 Old Republic acted as surety on a customs bond, effective April 25, 1985, guaranteeing to the United States Customs Service ("Customs") payment of liquidated damages incurred by the principal, "Pacific Financial Services of America, Inc., D/B/A First Financial." In June 1985, First Financial Services of America, Inc. ("First Financial") attempted to import two separate shipments of fireworks into the United States. Customs refused to admit the fireworks because First Financial lacked the requisite license from the Department of Alcohol, Tobacco and Firearms ("ATF license") and ordered First Financial to return the merchandise to Customs.
 
 
 3
 After First Financial failed to return the fireworks, Customs assessed liquidated damages totaling $119,486.04 against First Financial and notified Old Republic that it would be liable as surety in the event that the principal defaulted on the payment. Larry Lomaz, the owner of Pacific, and his brother Douglas Lomaz, the owner of defendant Midwest Fireworks Manufacturing Company, Inc. ("Midwest"), attempted to relieve First Financial from the damages by requesting the substitution of Midwest as importer of record and the use of Midwest's ATF licenses to satisfy the Customs requirements. Customs rejected the substitution and kept the damage assessment against First Financial in place.
 
 
 4
 On April 29, 1987, Old Republic filed a complaint against Pacific and Midwest seeking reimbursement for its payment to Customs of the liquidated damages assessed against First Financial. Old Republic retained the services of a professional process server, Theodore C. Buehl, to serve Pacific and Midwest. Buehl's sworn affidavit of service indicates that he personally served Pacific at the address shared by Midwest and Pacific in Deerfield, Ohio, by tendering the summons and complaint "upon named defendant, in the person of Larry Higgins, who was identified to me by company security as an officer of the corporation." After Pacific and Midwest failed to answer the complaint, Judge Owen entered a default judgment against them on August 10, 1987.
 
 
 5
 In 2000, after Old Republic moved to enforce the default judgment, Pacific moved to vacate the judgment pursuant to Fed.R.Civ.P. 60(b)(4) and 60(b)(6) on the basis that it had not been properly served. In support of its motion, Pacific submitted the affidavit of Larry Lomaz, owner of Pacific, in which he stated, "[s]uch individual upon whom service was allegedly perfected, was, to the best of my knowledge, never employed by ... Midwest, absolutely never employed by Pacific, and was unequivocally never `an officer of both corporations.'" After argument before the district court and without seeking leave, Pacific submitted an affidavit from Ada Briden, an employee of Larry Lomaz, who "recall[ed] a fellow employee [named] Larry Higgins [who] was sort of a general maintenance man, who picked up the trash and did various odd jobs around the property."
 
 
 6
 In denying Pacific's motion to vacate, the district court found that under the Federal Rules of Civil Procedure in effect in 1987, Pacific could be, and was, properly served in the manner prescribed by Fed. R.Civ.P. 4(d)(3) and the laws of New York and Ohio.
 
 DISCUSSION
 
 7
 On appeal, Pacific seeks to vacate the default judgment on the grounds that the judgment had occurred as a result of "inadvertence, surprise, or excusable neglect," Fed.R.Civ.P. 60(b)(1); that the judgment is void for lack of service, Fed. R.Civ.P. 60(b)(4); and that justice requires relief from the judgment, Fed.R.Civ.P. 60(b)(6). In addition, defendant argues for the first time on appeal that the district court lacks personal jurisdiction over Pacific because the company does not have sufficient contacts with New York. In the alternative, Pacific requests an evidentiary hearing to establish whether service was properly effected under the laws of New York. Our review of a district court's decision to deny a motion to vacate a default judgment is limited to whether the trial judge abused his discretion. See SEC v. McNulty, 137 F.3d 732, 738 (2d Cir.1998). We find that the district court acted within its discretion by denying Pacific's motion to vacate.
 
 
 8
 At oral argument, Old Republic conceded that the district court erred in holding that Fed.R.Civ.P. 4, as it existed in 1987, permitted service on an out-of-state defendant in the manner prescribed by Fed.R.Civ.P. 4(d)(3) or the laws of Ohio, the state in which service was effected. See Davis v. Musler, 713 F.2d 907, 913-14 (2d Cir.1983). Therefore, the only issues before us are whether service was effective and whether an evidentiary hearing was required under New York law.
 
 
 9
 Under the laws of New York, service on a corporation may be effected by tendering the summons to, inter alia, a corporate director, officer, or managing or general agent. See Fashion Page, Ltd. v. Zurich Ins. Co., 50 N.Y.2d 265, 271, 428 N.Y.S.2d 890, 406 N.E.2d 747 (1980); see also N.Y. C.P.L.R. § 311(a)(1) (McKinney 2000). In tendering service, the process server may rely upon the corporation's employees to identify the individuals authorized to accept service. Fashion Page, 50 N.Y.2d at 272-73, 428 N.Y.S.2d 890, 406 N.E.2d 747. As long as the process server's reliance on corporate personnel is reasonable, the defendant may not later complain that it lacked notice even if the complaint was mistakenly delivered to a person who was not authorized to accept service. Id. at 273-74, 428 N.Y.S.2d 890, 406 N.E.2d 747. Buehl's reliance on corporate security to identify Higgins as an officer authorized to accept service on behalf of Pacific appears to have been reasonable. In New York, a process server's affidavit of service establishes a prima facie case of the account of the method of service, and thus, in the absence of contrary facts, we presume that Pacific was properly served with the complaint. See Nyctl 1997-1 Trust v. Nillas, 288 A.D.2d 279, 732 N.Y.S.2d 872, 873 (2001).
 
 
 10
 A defendant's sworn denial of receipt of service, however, rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing. See Skyline Agency, Inc. v. Ambrose Coppotelli, Inc., 117 A.D.2d 135, 502 N.Y.S.2d 479, 483-84 (1986). But no hearing is required where the defendant fails to swear to "specific facts to rebut the statements in the process server's affidavits." Simonds v. Grobman, 277 A.D.2d 369, 716 N.Y.S.2d 692, 693 (2000) (citations omitted); see also Nyctl 1997-1 Trust, 732 N.Y.S.2d at 873 (holding defendant's failure to substantiate claim that she was not present at place of service fails to rebut presumption of proper service established by process server's affidavit); Walkes v. Benoit, 257 A.D.2d 508, 684 N.Y.S.2d 533, 534 (1999) (holding that affidavit by nonparty about defendant's practice of forwarding official documents to that nonparty was insufficient to warrant a traverse hearing because the nonparty lacked personal knowledge about whether defendant was personally served); Ninth Fed. Sav. & Loan Ass'n v. Yelder, 107 A.D.2d 799, 484 N.Y.S.2d 632, 633 (1985) (holding that where no factual dispute is raised, no hearing is required); Engel v. Lichterman, 95 A.D.2d 536, 467 N.Y.S.2d 642, 643-44 (1983).
 
 
 11
 Pacific argues that Lomaz's sworn affidavit contraverted Buehl's affidavit of service and required the district court to grant an evidentiary hearing to determine whether service was properly completed. However, nothing in Lomaz's affidavit refutes "specific facts" established by the process server. Lomaz did not dispute that company security identified Higgins as a corporate officer, that it was reasonable for the process server to rely on the directions of company security, or that Higgins was actually served with the summons. That Higgins may not have been a corporate officer in fact is not responsive to the question of whether it was reasonable under the circumstances to serve him and it does not excuse Pacific from failing to answer the complaint. See Fashion Page, 50 N.Y.2d at 272-73, 428 N.Y.S.2d 890, 406 N.E.2d 747.
 
 
 12
 In its argument that an evidentiary hearing is required, Pacific relies on our decision in Davis v. Musler, 713 F.2d 907 (2d Cir.1983). We believe Davis is inapposite. In Davis, the process server's affidavit stated that he personally served the defendants at their home, but the defendants submitted affidavits swearing that they had not been home at the time of the alleged service. Id. at 914. In light of these directly conflicting affidavits, we found that the district court abused its discretion by failing to hold an evidentiary hearing to resolve the issue of whether service had been effected. Id. Unlike the unequivocal denial of personal service in Davis, Lomaz has not sworn to any facts that raise a factual dispute regarding the propriety of service on Pacific.
 
 
 13
 Furthermore, unlike the district court in Davis, Judge Owen had ample evidence from which he could conclude that Lomaz's statements lacked credibility. First, Lomaz's emphatic declaration that Higgins was "absolutely never employed by Pacific" was later contradicted by the affidavit of Lomaz's office manager Ada Briden who recalled a "fellow employee" named Higgins. Second, Lomaz's defense against the default judgment is based on his incredible claim that First Financial is not related to either Pacific or Midwest, and therefore neither Pacific nor Midwest should be held liable for damages assessed against First Financial. First Financial shared the same office address as Pacific and Midwest, and Pacific was listed as "D/B/A First Financial" on the customs bond. Both Midwest and Pacific had numerous contacts with Customs and Old Republic about First Financial's transactions, and not once did the Lomaz brothers argue that First Financial was a distinct company unrelated to Pacific. Indeed, instead of denying any participation in the aborted shipments, the Lomazes requested that Midwest be substituted as the importer of record. The district court did not abuse its discretion in discrediting Lomaz's defense that Pacific is not the alter ego of First Financial in light of Midwest's repeated attempts, at the behest of Larry and Douglas Lomaz, to relieve First Financial of its damage obligation to Customs.
 
 
 14
 In light of the contradictory statements and incredible defenses presented by Pacific, we find that the district court also did not abuse its discretion in crediting Buehl's contemporaneous account of service and in discounting as self-serving and unreliable Lomaz's bald assertions based on memories of circumstances existing thirteen years ago. See Marziliano v. Heckler, 728 F.2d 151, 156 (2d Cir.1984) (stating that deference is given to the district court's decision on whether to set aside a default judgment unless it is "clearly wrong").
 
 
 15
 Appellant's other claims under Rule 60(b) are forfeited or time-barred. Pacific concedes that it did not raise in the district court a defense under Fed.R.Civ.P. 60(b)(1) or a defense based on lack of personal jurisdiction due to insufficient contacts to the forum state. Thus these defenses are considered forfeited on appeal. See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) (holding that unlike subject matter jurisdiction, personal jurisdiction may be waived); Beller & Keller v. Tyler, 120 F.3d 21, 24 (2d Cir.1997) (holding that defenses under Rule 60(b) may be waived). Motions under Rule 60(b)(6) must be made within a "reasonable time" and the moving party must show "extraordinary circumstances" to warrant relief. Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir.2001) (citation and internal quotation marks omitted); Fed.R.Civ.P. 60(b). We find no extraordinary circumstances that warrant the thirteen-year delay in this case. See id. at 201 (holding that delay for three and one-half years was unreasonable under Rule 60(b)(6)).
 
 CONCLUSION
 
 16
 For the foregoing reasons, the judgment of the district court is hereby affirmed.
 
 
 
 Notes:
 
 
 [1]
 Although Midwest Fireworks Manufacturing Corporation, Inc., is named as an appellant, it has not presented any arguments on appeal