**NEWCARD, INC., Plaintiff–Appellee,**

v.

**Adriaan A. VAN DIJKE, Defendant–Appellant,**

**Barbara J. Glenns, PT Handayani, Bank Ekspor Impor Indonesia, Defendants.**

No. 04–2819–CV.

United States Court of Appeals, Second Circuit.

June 6, 2005.

Adriaan A. Van Dijke, Middleburg, Netherlands, for Appellant, pro se.

Kenneth A. Elan, New York, NY, for Appellee.

PRESENT: FEINBERG, CARDAMONE, and SACK, Circuit Judges.

## SUMMARY ORDER

The United States District Court for the Southern District of New York (Richard M. Berman, *Judge*) granted default judgment to appellee on June 22, 2001. Approximately twenty-seven months later, by letter dated September 12, 2003, appellant van Dijke requested relief from the default judgment under Federal Rule of Civil Procedure 60(b). The district court denied the motion. This appeal followed.

We review a district court's denial of a Rule 60(b) motion for abuse of discretion. *See Transaero, Inc. v. La Fuerza Aerea Boliviana,* 162 F.3d 724, 729 (2d Cir.1998). "An appeal from an order denying a Rule 60(b) motion brings up for review only the denial of the motion and not the merits of the underlying judgment for errors that could have been asserted on direct appeal." *Branum v. Clark,* 927 F.2d 698, 704 (2d Cir.1991).

■ Under Rule 60(b), the court "may relieve a party ... from a final judgment ... for [*inter alia*] the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); [or] (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party," but only if the party seeking relief made a Rule 60(b) motion "not more than one year after the judgment ... was entered." Fed. R.Civ.P. 60(b). As noted, Van Dijke's motion was made more than two years after judgment was entered. Van Dijke is therefore not eligible for relief on any of the grounds listed in Rule 60(b)(1)—(3).

■ Nor is van Dijke eligible for relief under Rule 60(b)(4)—(5), regardless of the timeliness of his motion. Rule 60(b)(4) provides relief on the ground that "the judgment is void." Fed.R.Civ.P. 60(b)(4). "[A] judgment may be declared void for want of jurisdiction only when the court 'plainly usurped jurisdiction,' or, put somewhat differently, when 'there is a total want of jurisdiction and no arguable basis on which it could have rested a finding that it had jurisdiction.'" *Cent. Vt. Pub. Serv. Corp. v. Herbert,* 341 F.3d 186, 190 (2d Cir.2003) (quoting *Nemaizer v. Baker,* 793 F.2d 58, 65 (2d Cir.1986)). Here, the district court had subject matter jurisdiction under 28 U.S.C. § 1332 and had personal jurisdiction over van Dijke, who submitted to the court's personal jurisdiction by participating in the litigation. *See New Card, Inc. v. Glenns,* No. 00 Civ. 4756(RMB), 2004 WL 540417, at *1, 2004 U.S. Dist. LEXIS 4286, at *1–*2 (S.D.N.Y. Mar.18, 2004). Thus, van Dijke cannot qualify for relief under Rule 60(b)(4).

■ Additionally, Rule 60(b)(5) provides for relief where "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Fed. R.Civ.P. 60(b)(5). Such relief is not available to van Dijke because the judgment remains outstanding and unsatisfied, and the district court did not abuse its discretion in concluding that the judgment was properly granted against defendants. *See New Card,* 2004 WL 540417, at *3, 2004 U.S. Dist. LEXIS 4286, at *10.

■ Last, Rule 60(b)(6) establishes that the court may grant relief for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). "Motions under Rule 60(b) (6) must be made within a 'reasonable time' and the moving party must show 'extraordinary circumstances' to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.,* 301 F.3d 54, 59 (2d Cir.2002) (quoting *Rodriguez v. Mitchell,* 252 F.3d 191, 201 (2d Cir.2001)). We conclude that the dis-

trict court did not abuse its discretion in determining that van Dijke did not show the existence of extraordinary circumstances necessary to gain relief under Rule 60(b)(6) and that his motion was not made within the required reasonable time.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.