PEOPLE OF the State of NEW YORK, by Eliot SPITZER, Attorney General of the State of New York, Buffalo Gyn WomenServices, Inc., Shalom Press, M.D., Planned Parenthood of the Rochester/Syracuse Region, Morris Wortman, M.D., and Pro–Choice Network of Western New York, Plaintiffs–Counter–Defendants–Appellees,

v.

OPERATION RESCUE NATIONAL and Philip Benham also known as Flip, Defendants–Counter–Defendants–Appellants,

Last Call Ministries, et al., Defendants–Counter–Defendants.

No. 05–6483–cv.

United States Court of Appeals, Second Circuit.

May 3, 2007.

Frederick H. Nelson, American Liberties Institute, Orlando, FL, for Appellants.

Michelle Aronowitz, Deputy Solicitor General of the State of New York (Lisa Landau and Meredith McGowan, Assistant Attorneys, of counsel), New York, NY, for Appellee People of the State of New York.

Lucinda M. Finley, State University of New York at Buffalo, Buffalo, NY, for Appellees Buffalo Gyn WomenServices, Inc., Shalom Press, M.D., Planned Parenthood of the Rochester/Syracuse Region, Morris Wortman, M.D., and Pro–Choice Network of Western New York.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK, Circuit Judges, Hon. RICHARD MILLS,* District Judge.

### SUMMARY ORDER

We assume the parties' and counsels' familiarity with the underlying facts and procedural history of the case.

"Personal jurisdiction of a federal court over a non-resident defendant is governed by the law of the state in which the court sits—subject, of course, to certain constitutional limitations of due process." *Kronisch v. United States*, 150 F.3d 112, 130 (2d Cir.1998) (citation and internal quotation marks omitted). "Under the relevant portions of New York's long-arm statute, personal jurisdiction may be asserted over a non-domiciliary who, in person or through an agent, 'transacts any business within the state.'" *Id.* (quoting N.Y. C.P.L.R. § 302(a)(1)). "[T]ransact[ing] ... business" under N.Y. C.P.L.R. § 302(a)(1) is defined as "a single purposeful activity that has a substantial relationship or articulable nexus to the claim asserted." *Padilla v. Rumsfeld*, 352 F.3d 695, 709 (2d Cir.2003), *rev'd on other grounds Rumsfeld v. Padilla*, 542 U.S. 426, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004). Benham's arguments that his conduct was not commercial business, and was protected by the First Amendment are in this context, as the district court noted, irrelevant. Benham's conduct both took place in New York and was purposefully directed towards New York. It also forms the basis for the claims asserted against him and Operation Rescue National ("ORN"). Through this purposeful conduct, Benham also established "minimum contacts" with New York such that he should have reasonably anticipated that he would be haled into court in New York. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). The exercise of personal jurisdiction over Benham and ORN in this case, therefore, is in accordance with New York law and constitutional due process.

ORN and Benham also argue that the district court erred in converting into a permanent injunction the modified preliminary injunction entered against them pursuant to a default judgment. ORN and Benham did not raise this argument before the district court, nor did they challenge the default judgment through a Federal Rule of Civil Procedure 60(b) motion. Failure to raise a defense under a Rule 60(b) motion forfeits that defense on appeal. *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir.2002).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

---

* The Honorable Richard Mills, of the United States District Court for the Central District of Illinois, sitting by designation.