09-0169-cv
Brown v. Enzyme Development

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION: "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of June, two thousand ten.

PRESENT: JON O. NEWMAN,
     CHESTER J. STRAUB,
     REENA RAGGI,
      *Circuit Judges.*

----------------------------------------------------------

SANDRA P. BROWN,

     *Plaintiff-Appellant*,

   v.               No. 09-0169-cv

ENZYME DEVELOPMENT, DIVISION OF
BIDDLE SAWYER CORPORATION,

     *Defendant-Appellee*.

----------------------------------------------------------

APPEARING FOR APPELLANT:    SANDRA BROWN, *pro se*, New York, New York.

APPEARING FOR APPELLEE:    CHRISTINE B. CESARE (Scott H. Kaiser, *on the brief*), Bryan Cave LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*).

UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the November 17, 2008 order of the district court is AFFIRMED.

Plaintiff pro se Sandra Brown appeals from the district court's November 17, 2008 order denying as untimely her motion for relief from an April 15, 1994 judgment dismissing her employment discrimination complaint for failure to prosecute. Although Brown has not specified the basis on which she seeks relief, we construe her motion as one pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which provides for relief from a judgment due to "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), or for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6). We review the denial of a Rule 60 motion for abuse of discretion. See Motorola Credit Corp. v. Uzan, 561 F.3d 123, 126 (2d Cir. 2009). In applying this standard, we assume familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Rule 60 generally requires that a motion for relief be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Motions under Rule 60(b)(1), however, are among those subject to a more specific time limit of one year from the entry of judgment. See id. This time limit is "'absolute.'" Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000) (quoting 12 James Wm. Moore, Moore's Federal Practice § 60.65[2][a], at 60-200 (3d ed. 1997)). Accordingly, if construed as filed under Rule 60(b)(1), Brown's motion was clearly untimely and properly denied.

Assuming arguendo that Rule 60(b)(1) does not apply and that Brown may seek relief

2

under Rule 60(b)(6), cf. United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391-92 (2d Cir. 2001) (noting that Rule 60(b)(6) will not apply if "reasons offered for relief from judgment can be considered in one of the more specific clauses of Rule 60(b)"), we assess the timeliness of her motion for reasonableness under the Rule's "catch-all provision," id. at 391. In doing so, we "scrutinize the particular circumstances of the case, and balance the interest in finality with the reasons for delay," PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 897 (2d Cir. 1983), mindful that "'extraordinary circumstances'" warranting Rule 60(b)(6) relief "'typically do not exist where the applicant fails to move for relief promptly,'" Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 190 n.8 (2d Cir. 2006) (quoting 12 Moore, supra, § 60.48[3][c])).

Brown attributes her 1993 failure to prosecute to her eviction and resulting homelessness during that year. See Appellant's Reply at 5. At oral argument, Brown represented that she remained homeless for unspecified periods between 1993 and October 2008, when she filed her motion in the district court. Even assuming this to be so, Brown has not presented "extraordinary circumstances" justifying her complete inaction during that fourteen-year interval. Thus, the district court did not abuse its discretion in denying her motion. See Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 59 (2d Cir. 2002) (finding thirteen-year delay unreasonable); Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001) (finding delay of three and one-half years unreasonable).

We have considered Brown's other arguments on appeal, and we conclude that they

3

are without merit.  Accordingly, the November 17, 2008 order of the district court denying

Brown's motion for relief from its April 15, 1994 judgment is AFFIRMED.

                                        FOR THE COURT:
                                        CATHERINE O'HAGAN WOLFE, Clerk of Court