11-4660-cv
De Curtis v. Ferrandina

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 16th day of July, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
             SUSAN L. CARNEY,
                       *Circuit Judges*.

_____

DONNA DE CURTIS,

                  *Plaintiff-Appellee*,

          -v-                                          11-4660-cv

THOMAS FERRANDINA,

                  *Defendant-Appellant*.[*]

_____

Appearing for Appellant:        Steven J. Harfenist (Angelina L. Fryer, *on the brief*),
                                Friedman Harfenist Kraut & Perlstein, LLP, Lake Success,
                                NY

Appearing for Appellee:         Valdi Licul (Jeremiah Iadevaia, *on the brief*), Vladeck,
                                Waldman, Elias & Engelhard, P.C., New York, NY

Appeal from the United States District Court for the Southern District of New York (Sullivan, *J.*).

---

[*] The Clerk of Court is directed to amend the caption as set out above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Thomas Ferrandina appeals from the district court's October 4, 2011 entry of default judgment against him and September 27, 2012 order denying his motion to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b)(1), (4), and (6). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review de novo a district court's denial of a motion to vacate a judgment pursuant to Rule 60(b)(4). *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005). On all other grounds, we review a district court's denial of a Rule 60(b) motion for abuse of discretion. *Id.*; *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). "A court abuses it[s] discretion when (1) its decision rests on an error of law or a clearly erroneous factual finding; or (2) cannot be found within the range of permissible decisions." *Johnson ex rel. United States v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011).

Rule 60(b)(4) allows for the vacatur of a judgment where "the judgment is void." Fed. R. Civ. P. 60(b)(4). A judgment is void where the court lacks personal jurisdiction over the defendant. *"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 122-23 (2d Cir. 2008). "[O]n a motion to vacate a default judgment based on improper service of process where the defaulting defendant had actual notice of the original proceeding but delayed in bringing the motion, the defendant bears the burden of proof to establish that the purported service did not occur." *Burda Media*, 417 F.3d at 299.

In the instant case, Ferrandina admits that he had notice of the pendency of this lawsuit as of July 2009, so he bears the burden of establishing that he was not served. Based on our de novo review of the record, we conclude that he failed to carry this burden. A process server's sworn statement of service creates a presumption that service has been effectuated. *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002). A defendant's affidavit denying service "rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing," only where the defendant "swear[s] to specific facts to rebut the statements in the process server's affidavits." *Id.* at 57-58 (internal quotation marks omitted). And courts may discredit such denials of service when there is "ample evidence from which [to] conclude that [the defendant's] statements lacked credibility." *Id.* at 58. In this case, there was more than ample evidence from which to conclude that Ferrandina's denial that he was served lacked credibility. The district court was correct in rejecting his motion to vacate on these grounds.

Ferrandina also claims that the judgment is void because De Curtis did not serve him with the amended complaint. Federal Rule of Civil Procedure 5 provides, "No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Fed. R. Civ. P. 5(a)(2). Here, there is no dispute that Ferrandina was in default at the time De Curtis filed her amended pleading. Moreover, contrary to Ferrandina's arguments, the amended complaint did not assert any new claims against him; it merely clarified the basis for Ferrandina's liability. He was therefore not entitled to service under Rule 5. Thus, we affirm the district court's denial of the motion to vacate the judgment pursuant to Rule 60(b)(4).

"When a district court decides a motion to vacate a default judgment pursuant to the provisions of Rule 60(b)[(1)], the court's determination must be guided by three principal factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166-67 (2d Cir. 2004) (internal quotation marks omitted). Of these factors, willfulness carries the most weight. Though each factor is to be considered, a "default should not be set aside when it is found to be willful." *Action S.A. v. Marc Rich & Co., Inc*., 951 F.2d 504, 507 (2d Cir. 1991). Here, the district court found Ferrandina's default to be willful. Based on the ample evidence submitted by De Curtis demonstrating her efforts to keep Ferrandina apprised of the existence of this litigation and Ferrandina's meager attempts to rebut the conclusion that he knew of the lawsuit but chose not to appear, we cannot say that the district court erred in its determination that the default was willful. Because the district court's determination was well "within the range of permissible decisions," *Johnson*, 642 F.3d at 125, we conclude that the district court did not abuse its discretion in denying Ferrandina's motion to vacate under Rule 60(b)(1).

"[A] proper case for Rule 60(b)(6) relief is only one of extraordinary circumstances, or extreme hardship." *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004) (internal quotation marks omitted). Ferrandina has failed to make the requisite showing that he is entitled to this form of relief, which is to be used sparingly. We therefore affirm the district court's denial of vacatur pursuant to Rule 60(b)(6).

We have considered Ferrandina's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3