13-737-cv
Weifang Xinli Plastic Prods. Co. v. JBM Trading Inc., et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of January, two thousand fourteen.

PRESENT:
> **ROBERT A. KATZMANN,**
> *Chief Judge,*
> **RICHARD C. WESLEY,**
> **RAYMOND J. LOHIER, JR.,**
> *Circuit Judges.*

───────────────────────────────────

Weifang Xinli Plastic Products Co. Ltd.,

> *Plaintiff-Appellee*,

> v.                                                           13-737-cv

JBM Trading Inc.,

> *Defendant*,

Chao Ming Zhen, AKA Kevin M. Zhen,

> *Defendant-Appellant*.

───────────────────────────────────

FOR DEFENDANT-APPELLANT**:**          William Yeung, Law Office of Yeung & Wang PLLC, Flushing, NY.

FOR PLAINTIFF-APPELLEE**:**                    Martin W. Chow, Law Office of Martin W.
                                              Chow LLC, Bellmore, NY (Rena Snow, *on
                                              the brief*).


Appeal from an order of the United States District Court for the Eastern District of New York (Kuntz, *J.*) denying a motion to vacate default judgment.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the matter be remanded for supplementation of the record consistent with this order.

Appellant Chao Ming Zhen appeals the district court's denial of his motion to vacate the default judgment entered against him on January 5, 2012, in the United States District Court for the Eastern District of New York (Kuntz, *J.*). A minute entry on the district court's docket indicates that the court denied Zhen's motion to vacate the default judgment on January 30, 2013, though no written opinion explaining the district court's decision was issued.

Given the arguments that Zhen raised in a letter brief to the district court, Zhen's motion below ostensibly[1] requested that the district court set aside the default judgment on two grounds: 1) for "good cause" pursuant to Federal Rule of Civil Procedure 55(c), and 2) for voidness under Federal Rule of Civil Procedure 60(b)(4), alleging that the plaintiff failed to properly effect service of process. In an affidavit appended to that motion, Zhen also suggested that New York Civil Practice Law and Rules § 317 permitted vacatur of the default judgment. We discuss each issue in turn.

---

[1] While Zhen invokes a number of grounds for relief in his briefing on appeal, his letter brief before the district court did not specify under which of the Federal Rules of Civil Procedure he was moving. We conclude, nevertheless, that Zhen preserved in his letter brief to the district court each of the arguments he raises on appeal, and have therefore indicated the applicable procedural rules to aid the district court upon remand.

2

Ordinarily, we would review the district court's "good cause" determination under Rule 55(c) for abuse of discretion and according to the three-factor analysis we typically employ in such cases. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993). District courts presented with such motions should consider "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Id.* at 96. Consequently, we have emphasized the "importance of an explanation by the district court for its denial of a motion to vacate in light of these criteria." *Id.*

We conclude that, on the record before us, this case presents an instance in which "[t]he absence of an explanation defeats intelligent appellate review" of the district court's exercise of its discretion, *id.*, and we cannot discern with any confidence the district court's reasons for denying the motion to vacate the default judgment pursuant to Rule 55(c). Rather than speculate about the district court's reasons in light of an ambiguous record below, we find that the more prudent course would be to permit the district court to supplement the record with a reasoned explanation for its determination that Zhen did not show good cause for vacatur of the default judgment against him under Rule 55(c).

We find that it is similarly imprudent to conduct the necessary *de novo* review of the district court's apparent rejection of Zhen's argument that the plaintiff did not properly serve the summons and complaint on him at the advent of the litigation. Among other arguments, Zhen appears to have argued below that the three attempts at personal service described in the process server's affidavit never occurred, and were, in any event, insufficiently diligent under New York Civil Practice Law and Rules § 308(4). As an alternate ground in support of vacatur, Zhen argued in his affidavit before the district court that New York Civil Practice Law and Rules § 317 compels vacatur of the default judgment.

3

As with the Rule 55(c) ground for Zhen's motion to vacate the default judgment, we think the better course is to permit the district court to decide the portion of Zhen's motion that turns on the requirements of the New York Civil Practice Law and Rules—and, in particular, the factual disputes at the heart of Zhen's arguments as to service of process—in the first instance. We note, without deciding, that the district court may need to conduct an evidentiary hearing to aid its determination of the disputed facts regarding service of process. *See generally Old Republic Ins. Co. v. Pac. Fin. Servs. of Am.*, 301 F.3d 54, 57-58 (2d Cir. 2002) ("A defendant's sworn denial of receipt of service . . . rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing. But no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits." (internal citations and quotation marks omitted)), *overruled on other grounds by Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005).

Accordingly, we remand pursuant to the procedure set out in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), for the district court to supplement the record with a reasoned explanation for 1) its determination that Zhen did not show good cause to vacate the default judgment against him pursuant to Rule 55(c); 2) its determination that service was proper under New York Civil Practice Law and Rules § 308(4), and the "due diligence" requirement thereunder; and 3) its determination that New York Civil Practice Law and Rules § 317 does not provide grounds for relief from the judgment of default. For the purposes of this remand, we leave  to the discretion of the district court the decision of whether a hearing is necessary to make one or all of these determinations.

The mandate shall issue forthwith. This appeal will be reinstated, without need for a new notice of appeal, upon notice by either side to the Court that the district court has supplemented the record, or upon the expiration of 60 days, whichever occurs sooner. The matter shall be referred to this panel for disposition of the appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk