21-2066
*RDW Capital v. Monesi*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand twenty-two.

Present:
    PIERRE N. LEVAL,
    DENNY CHIN,
    EUNICE C. LEE,
     *Circuit Judges*.

_____

RDW CAPITAL,

    *Plaintiff-Appellee*,

   v.            21-2066

ANTONIO MONESI,

    *Defendant-Appellant*,

BE INDUSTRIES, INC., FKA NAC GLOBAL TECHNOLOGIES, INC., NAC DRIVE SYSTEMS, INC., SWISS HEIGHTS ENGINEERING, S.A., BELLELLI ENGINEERING, S.P.A., BE NORTH AMERICA, CORP., BELLELLI USA, LLC, FILIPPO PUGLISI,

    *Defendants*.

_____

1

For Plaintiff-Appellee:                    *John E. Brigandi*, Knuckles Komosinski & Manfro, LLP, Upper Saddle River, New Jersey.

For Defendant-Appellant:                   *Michael C. Fasano*, Fasano Law Firm, PLLC, Miami, Florida.

Appeal from the United States District Court for the Southern District of New York (J. Paul Oetken, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant Antonio Monesi appeals an order of the district court denying his motion to vacate a default judgment issued against him in favor of Plaintiff-Appellee RDW Capital as void for insufficient service of process under Federal Rule of Civil Procedure 60(b)(4) and to dismiss the complaint for insufficient service under Federal Rule of Civil Procedure 12(b)(4) and (5). We assume the parties' familiarity with the underlying facts, procedural history, and issues and arguments on appeal.

This Court applies de novo review to a district court's denial of a motion to vacate a judgment as void under Federal Rule of Civil Procedure 60(b)(4). *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005). We review for clear error any factual findings that underlie the district court's resolution of such a motion. *New York v. Green*, 420 F.3d 99, 105 (2d Cir. 2005).

Monesi argues that no evidence contradicted his affidavit, in which he stated that he has no affiliation with the address or business where process was served. Because Monesi denied having actual notice of the original proceedings, he did not bear the initial burden of establishing service did not occur. *See "R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 126 (2d Cir. 2008) ("Normally, a plaintiff has the burden of proving personal jurisdiction in a case where a defendant

2

appears and contests such jurisdiction. But in a collateral challenge to a default judgment under Rule 60(b)(4), the burden of establishing lack of personal jurisdiction is properly placed on a defendant who had notice of the original lawsuit." (internal citation omitted)); *Burda Media*, 417 F.3d at 299. Rather, the burden fell first to RDW Capital, which met its burden by demonstrating it served process at an address where a secretary had previously accepted service on Monesi's behalf. *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002) ("[A] process server's affidavit of service establishes a prima facie case of the account of the method of service. . . ."). Monesi was then required to raise a dispute as to the adequacy of service. "A defendant's sworn denial of receipt of service . . . rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing" only if the defendant "swear[s] to specific facts to rebut the statements in the process server's affidavits." *Id.* at 57–58 (internal quotation marks omitted). Monesi failed to meet that standard, as his affidavit offered only cursory assertions that he lives in another city and has no affiliation with the company at which service was made.

Monesi also argues service failed to comply with the Hague Service Convention. He did not raise below, and has therefore waived, his argument that the Convention does not apply where the address of the person to be served is unknown. *See Anderson Grp. LLC v. City of Saratoga Springs*, 805 F.3d 34, 50 (2d Cir. 2015). The same is true of his argument that service under the Hague Convention must still satisfy due process. His remaining argument, that the documents were required to be translated into Italian, fails because it is the prerogative of the Central Authorities to require translation. *See* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention") art. 5, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 (stating "the Central Authority *may* require the document to be written in,

3

or translated into the official language . . . of the State addressed" (emphasis added)). Whether or not the documents were actually translated in this case, the Italian Central Authority did in fact perform service and, as Monesi submitted a declaration that he is fluent English, the absence of a translation had no adverse effect.

Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
