22-1721-cv
*JDH Unlimited Inc v. Koehler*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of September two thousand twenty-three.

PRESENT:  JOSEPH F. BIANCO,
          BETH ROBINSON,
          ALISON J. NATHAN,
                    *Circuit Judges.*

_____

JDH Unlimited Inc,

       *Plaintiff-Appellee,*

       v.                                                    22-1721-cv

Jessica Rose Koehler,

       *Defendant-Appellant*

APKZ Medical Inc., Western Med Supplies LLC,
Check Shih Shen,

       *Defendants.*

_____

FOR PLAINTIFF-APPELLEE:     TOMAS R. DOMINCZYK, Maurice Wutscher, LLP, Flemington, NJ.

FOR DEFENDANT-APPELLANT:     SCOTT A. KORENBAUM, ESQ., New York, NY.

Appeal from the judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED**, and the action is **REMANDED** for further proceedings consistent with this order.

Defendant-appellant Jessica Rose Koehler ("Koehler") appeals from the district court's grant of a default judgment, entered on February 1, 2022, to plaintiff-appellee JDH Unlimited, Inc. ("JDH") against Koehler, APKZ Medical Inc., Western Med Supplies LLC, and Check Shih Shen (collectively, "the defendants") in the sum of $475,870.85. We assume the parties' familiarity with the facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

On June 2, 2021, JDH commenced this action against the defendants, asserting claims for fraud, breach of contract, conversion, and unjust enrichment. These claims arise from the defendants' alleged failure to return funds to JDH after a contract regarding the supply of nitrile gloves was cancelled. Koehler was personally served with the complaint on July 8, 2021. Each of the other defendants was served on or before July 30, 2021. By September 24, 2021, none of the defendants had appeared in the action, and the clerk made an entry of default, pursuant to Federal Rule of Civil Procedure 55(a). Two weeks later, JDH moved for a default judgment. The district court scheduled a hearing on the default judgment for February 1, 2022. On that date, after the defendants did not appear at the scheduled hearing, the district court entered the default judgment, which awarded JDH the sum of $475,870.85 against the defendants.

On July 6, 2022, Koehler filed a proposed order to show cause requiring JDH to show cause as to why the default judgment entered against her should not be vacated, pursuant to Federal

2

Rule of Civil Procedure 60(b). Koehler argued that: (1) the district court lacked personal jurisdiction, thus the default judgment was void; and (2) because her failure to appear was not willful, she had a meritorious defense, and JDH would not be prejudiced by vacatur, the default judgment was voidable. In an affidavit attached to her motion, Koehler stated that her "only connection with this lawsuit is through [her] status as ex-girlfriend of defendant [Chek Shin Shen]" and that it was her understanding that her ex-boyfriend's attorney was representing her. Joint App'x at 28. She further reported that $45,982.20 had been garnished from her bank account.

One week later, without any response from JDH, the district court denied—by docket entry without any explanation—Koehler's motion to vacate the default judgment. Koehler appealed.

On appeal, Koehler presents the same arguments that she made below, namely: (1) the default judgment is void because the district court lacked personal jurisdiction; and (2) that the district court abused its discretion in denying her motion for vacatur under Rule 60(b) because she had established good cause to vacate the judgment. As set forth below, we conclude that the district court's failure to provide any reasoning to support its denial of Koehler's motion to vacate was an abuse of discretion that requires remand.[1]

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." In turn, Rule 60(b) allows a district court to vacate a judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or

---

[1] Because we conclude that the district court failed to provide an adequate explanation for its denial of Koehler's motion to vacate the default judgment, we do not reach Koehler's argument that the default judgment is void for lack of personal jurisdiction or her challenge to the district court's initial decision to enter the default judgment in the alleged absence of such jurisdiction.

3

applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Where the appeal is from an order denying Rule 60(b) relief, we review only the denial of that motion, not the merits of the underlying default judgment. *Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 459 (2d Cir. 1994), *as amended on reh'g in part,* 38 F.3d 648 (2d Cir. 1994).

Our review of a district court's denial of a motion to vacate a default judgment is for abuse of discretion. *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166 (2d Cir. 2004). Nevertheless, "we have expressed a strong preference for resolving disputes on the merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (internal quotation marks omitted). Thus, when a district court denies a motion to vacate a default judgment, "we may reverse" the district court's exercise of its discretion "even where the abuse of discretion is not glaring." *Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1077 (2d Cir. 1995). We have emphasized that "dismissal is a harsh remedy to be utilized only in extreme situations." *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995) (internal quotation marks omitted).

To determine whether to relieve a party from default or a default judgment, the district court must consider: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Accordingly, we have explained that "the importance of an explanation by the district court for its denial of a motion to vacate . . . is self-evident" and "[t]he absence of an explanation defeats intelligent appellate review." *Id.* Thus, a district court abuses its discretion when it fails to provide an explanation, unless "it is possible to discern that the appropriate criteria have been satisfied." *Id.*

4

On the record before us, we cannot determine, with any confidence, the district court's rationale for denying Koehler's motion to vacate. The district court denied the motion in a text order on the docket without providing any rationale for the denial. Nor is it otherwise possible to discern from the record whether "the appropriate criteria have been satisfied." *Id.* We thus remand so the district court can give JDH an opportunity to respond and provide a reasoned explanation for its ruling on Koehler's motion under Rule 60(b). *See, e.g., id.*; *see also Weifang Xinli Plastic Prod. Co. v. JBM Trading Inc.*, 553 F. App'x 42, 44 (2d Cir. 2014) (summary order) (concluding that "the absence of an explanation defeats intelligent appellate review of the district court's exercise of its discretion, and we cannot discern with any confidence the district court's reasons for denying the motion to vacate the default judgment . . . ." (alteration adopted) (internal quotation marks and citations omitted)).[2]

\* \* \*

Accordingly, the judgment of the district court is **VACATED**, and the action is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] On appeal, JDH suggests that we should either infer that the district court denied Koehler's motion due to her failure to comply with Local Rule 6.1(b) for the United States District Court for the Eastern District of New York and Federal Rule of Civil Procedure 5(a)(1)(D), or at least that we should affirm on that alternative ground. Local Rule 6.1(b) provides, in relevant part, that "[o]n all civil motions, petitions, and applications, . . . the notice of motion, supporting affidavits, and memoranda of law shall be served by the moving party on all other parties that have appeared in the action . . . ." Rule 5(a)(1) requires, in relevant part, that "a written motion, except one that may be heard ex parte" be served on every party. Fed. R. Civ. P. 5(a)(1). However, because the district court gave no indication that its decision rested on noncompliance with these procedural rules, we do not decide whether Koehler's alleged failure to comply with these rules would warrant denial of her motion to vacate.

5