22-936-cv
Makhnevich v. Bougopoulos

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand twenty-four.

PRESENT:
> **BARRINGTON D. PARKER,**
> **ALISON J. NATHAN,**
> *Circuit Judges.*[*]

───────────────────────────────────

Stacy Makhnevich,

> *Plaintiff-Appellant,*

> v.                                                    22-936

**Gregory S. Bougopoulos and Novick Edelstein Pomerantz P.C.,**

───────────────────

[*] Judge Rosemary S. Pooler, originally a member of the panel, passed away on August 10, 2023. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457, 458–59 (2d Cir. 1998).

*Defendants-Appellees,*

**Bryant Tovar and The Board of Managers of the 2900 Ocean Condominium,**

*Defendants.+*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | STACY MAKHNEVICH, pro se, Brooklyn, NY. |
| **FOR DEFENDANTS-APPELLEES:** | GREGORY S. BOUGOPOULOS, Novick Edelstein Pomerantz P.C., Yonkers, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Stacy Makhnevich, proceeding pro se, challenges the district court's order granting summary judgment in favor of Defendants-

---

+ The clerk is respectfully directed to amend the case caption.

Appellees Gregory Bougopoulos and his law firm, now named Novick Edelstein Pomerantz P.C. (collectively, "the Firm").[1] Because we agree with the district court that the challenged conduct by the Firm did not violate the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p), and that Makhnevich's claims were partially time-barred, we affirm. We assume the parties' familiarity with the underlying facts and the procedural history of the case, which we discuss only as necessary to explain our decision.[2]

## BACKGROUND

Makhnevich owns a Brooklyn condominium. In 2015, the condominium's Board retained the Firm to collect unpaid common charges and other fees. In April 2015, the Firm sent Makhnevich a letter, via certified mail, identifying the Firm as a debt collector and notifying her that it had been retained to collect the unpaid common charges, stating the amount the Board alleged she owed. In November 2015, after failing to collect, the Firm filed a complaint in New York City Civil

[1] Makhnevich also challenged the district court's order dismissing her claims against her condominium's Board of Managers, but the parties have since stipulated the Board's dismissal from this appeal. We therefore only address Makhnevich's claims against the Firm.

[2] Despite the solicitude we extend to pro se litigants, we normally do not decide issues that a pro se party fails to raise in her brief, *see Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998), or has mentioned only in passing, *see Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013). Accordingly, we deem abandoned issues that Makhnevich fails to press on appeal.

Court, seeking damages and fees. Makhnevich claims the defendants engaged in "sewer service"—failing to serve her with the summons and complaint and filing a false affidavit to the contrary.

During the Civil Court proceedings, the Firm was contacted by an attorney, Joe Schuessler, who stated he represented Makhnevich. The Firm sent him a copy of Makhnevich's account ledger. During later stages of the lawsuit, Makhnevich's two daughters—one of whom Makhnevich had granted a durable power of attorney—appeared in court for their mother.

In February 2018, in response to Makhnevich's motion to dismiss the Civil Court proceeding, the Firm sent her and her daughters a letter on behalf of the Board. The letter generally advised Makhnevich that the Firm believed her motion was frivolous and aimed at delaying the state court case. The Firm notified Makhnevich that if she did not withdraw it, the Firm would seek sanctions and fees.

The Civil Court eventually granted summary judgment against Makhnevich on liability. The Firm then prevailed after a trial on damages, and the Civil Court awarded the Firm attorney's fees.

In January 2018, while state court litigation was ongoing, Makhnevich sued the Firm in federal district court, alleging that the Firm engaged in a host of unfair debt collection practices both before and during the state court proceedings. After the district court granted Makhnevich leave to file an amended complaint, she moved to amend a second time, with the defendants opposing that motion. The district court later granted the Firm's motion for summary judgment because Makhnevich's various claims were either time-barred or meritless. *See Makhnevich v. Bougopoulos*, No. 18-cv-285 (KAM) (VMS), 2022 WL 939409 (E.D.N.Y. Mar. 29, 2022).

**DISCUSSION**

Our review of the district court's decision is de novo. *See Washington v. Napolitano*, 29 F.4th 93, 103 (2d Cir. 2022) (summary judgment). Summary judgment is appropriate only when, "resolving all ambiguities and drawing all permissible factual inferences in favor of the non-moving party," there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Id.*

We affirm the grant of summary judgment as to Makhnevich's FDCPA claims against the Firm. First, claims under the FDCPA are subject to a one-year

5

statute of limitations from the date a violation occurs.  15 U.S.C. § 1692k(d).  The district court correctly determined that Makhnevich's Section 1692g written-notice claim, which was based on an April 2015 communication, was filed more than a year-and-a half late—and that there was no basis to equitably toll the accrual of her claim.  It is "well settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed."  *Hagner v. United States*, 285 U.S. 427, 430 (1932).  The Firm provided such proof via a sworn declaration and a U.S. Postal Service certified mail receipt.  Makhnevich failed to rebut this presumption.  She submitted an undated screenshot of the Postal Service's website showing that the tracking information for the letter was not currently available.  The Postal Service generally only retains certified mail tracking information for two years, and while Makhnevich claims that tracking information *can* be retained for longer under the USPS Tracking Plus feature, there is no indication that the feature was used here.

Makhnevich's sewer service claim fails for similar reasons.  For the reasons aptly stated by the district court, Makhnevich did not overcome the presumption created by the process server's affidavit that she was served with the Civil Court

6

summons and complaint. *Makhnevich*, 2022 WL 939409, at *10–11; *see also Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57–58 (2d Cir. 2002).

Makhnevich also claims that the Firm violated 15 U.S.C. § 1692c(b), which prohibits debt collectors from communicating with certain third parties without prior consent of the debtor or the express permission of a court of competent jurisdiction. The third parties at issue here are Makhnevich's daughters—both of whom had appeared in court on her behalf and one of whom had power of attorney—and Attorney Schuessler, who initiated communications with the Firm and indicated that he represented Makhnevich in the Civil Court action. The communications Makhnevich alleges violate § 1692c(b) all related to attempts to resolve the then-pending Civil Court proceedings. The Civil Court had ordered the parties to attempt to settle the case. Given this context, these third-party communications did not run afoul of the FDCPA, which does not prohibit "the 'communications' inherent in an ordinary lawsuit" because doing so would "cause an ordinary debt-collecting lawsuit to grind to a halt." *Heintz v. Jenkins*, 514 U.S. 291, 296 (1995); *see also Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 600 (2010).

7

Next, Makhnevich claims the Firm violated § 1692e(11), which prohibits a failure to disclose that a communication is from a debt collector. This claim arose out of a February 2018 letter sent to Makhnevich and her daughters. By February 2018, the Firm and Makhnevich had been engaged in the Civil Court action for nearly a year and Makhnevich had already filed this federal lawsuit, where she explicitly argued that the defendants were "debt collector[s] as defined in the FDCPA." ROA doc. 1 (Compl.), at 4. All sides knew the Firm was acting as a debt collector. The letter's failure to re-identify the Firm as a debt collector could not have "impede[d] [Makhnevich]'s ability to respond to or dispute collection" and therefore was immaterial. *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85–86 (2d Cir. 2018).

Finally, Makhnevich argues that the defendants intentionally harassed her and were liable under 15 U.S.C. § 1692d, which bars debt collectors from taking actions intended to "harass, oppress, or abuse any person in connection with the collection of a debt." Section 1692d contains a non-exhaustive list of proscribed misconduct including violence, threats of violence, obscene language, publishing shame lists, and unrelenting phone calls. *See* 15 U.S.C. § 1692d(1)–(6). Because

8

Makhnevich did not show that the defendants engaged in this kind of conduct, the district court correctly granted summary judgment in favor of the Firm.

We have considered Makhnevich's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court