13-4645-cv
*Anonymous v. Medco Health Solutions, Inc., et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16ᵗʰ day of December, two thousand fourteen.

PRESENT:

    JOSÉ A. CABRANES,
    RICHARD C. WESLEY,
    PETER W. HALL,
             *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ANONYMOUS,
        *Plaintiff-Appellant,*

    -v.-                              No. 13-4645-cv

MEDCO HEALTH SOLUTIONS, INC., AKA MEDCO,
EXPRESS SCRIPTS, INC., DBA EXPRESS SCRIPTS,
        *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**        COLLEEN M. TARPEY, Andrew L. Zwerling, Garfunkel Wild, Great Neck, NY.

**FOR DEFENDANTS-APPELLEES:**        JOANN T. SANDIFER, Husch Blackwell, LLP, St. Louis, MO, Michael Alan-Herman Schoenberg, John P. McEntee, Farrell Fritz, P.C., Uniondale, NY.

Appeal from a November 14, 2013 order of the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal from the November 14, 2013 order of the District Court is **AFFIRMED**.

Plaintiff appeals from the District Court's order denying his motion to proceed anonymously and his motion to seal the entire court record. The plaintiff, an orthopedic surgeon diagnosed with Parkinson's disease in 2005, is suing Medco Health Solutions, Inc. ("Medco") and Express Scripts, Inc. alleging claims of negligence, breach of contract, negligent misrepresentation, and breach of fiduciary duty.

The allegations arise out of a set of two faxes sent by Medco to plaintiff's office that revealed plaintiff's medication and thus his medical condition. On appeal, plaintiff contends that the District Court erred in denying his motion to proceed anonymously and his motion to seal the record of the proceedings. We assume the parties' familiarity with the facts and procedural history of the case, as well as the issues on appeal.

## DISCUSSION

### A.  Plaintiff's Motion to Proceed Anonymously

Because a district court's ruling on the appropriateness of an anonymous pleading is a "factor-driven balancing inquiry" that requires discretion in "weighing competing interests," we review for abuse of discretion. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008). A district court abuses its discretion when "(1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001) (footnotes omitted).

In *Sealed Plaintiff*, we set forth a non-exhaustive list of factors to govern when a plaintiff may file a complaint using a pseudonym. 537 F.3d at 190. While plaintiff is able to demonstrate that some of the factors fall in his favor, other factors cut against his claim for proceeding anonymously.

For example, one factor elucidated in *Sealed Plaintiff* considers "whether identification presents other harms and the likely severity of those harms[.]" *Id.* Plaintiff claims that "further disclosure of his [personal health information] to the public through this litigation could only exacerbate the harm done by Defendants[.]" Appellant's Br. 16. He notes that this would "adversely

2

impact his patient base" as "he is a specialist who relies largely upon referrals from other physicians." *Id.* at 17. But this claim is vague and far-fetched. Even if other physicians were to learn of the plaintiff's disease through his name being listed in the case caption, they, more so than others, would be able to understand that his condition has no bearing on his ability to diagnose and treat patients. Indeed, the harm outlined by plaintiff is rather speculative in nature.

Another *Sealed Plaintiff* factor that cuts against the plaintiff's motion is the availability of alternative measures to protect plaintiff's sensitive medical information. 537 F.3d at 190. As the District Court noted, "[a]ny issues regarding the confidentiality of particular documents or the need for redaction will be handled as they arise." J.A. at 8-9. Redacted and sealed submissions are routinely used in cases involving sensitive medical information and this case may very well require some of these special measures. But by adopting a case-by-case approach here, the District Court cannot be said to have abused its discretion.

### B. Plaintiff's Motion to Seal the Court Records

A district court's decision to grant or deny the sealing of a record is also reviewed for abuse of discretion. *United States v. Doe*, 63 F.3d 121, 125 (2d Cir. 1995). A "presumption of immediate public access attaches [to some judicial documents] under both the common law and the First Amendment." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006); *see also Newsday LLC v. County of Nassau*, 730 F.3d 156, 164 (2013). That "presumption of access . . . can be overcome only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing." *Id.* The District Court acted within its discretion in finding that plaintiff did not overcome this presumption and that it was not necessary to seal the entire proceeding in order to safeguard his sensitive medical information.

### CONCLUSION

We have considered all of appellant's arguments and find them to be without merit. Accordingly, the appeal from the November 14, 2013 order of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court