23-1070-cv
*United States of America v. Buff*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of September, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> MYRNA PÉREZ,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

United States of America,

> *Plaintiff-Appellee,*

v.                                                                                    23-1070-cv

Carolyn Buff,

> *Defendant-Appellant.*

_____

For Plaintiff-Appellee:                          Jeremy M. Liss and Christopher Connolly, Assistant U.S. Attorneys, *for* Damian Williams, U.S. Attorney for the Southern District of New York, New York, NY.

For Defendant-Appellant: Carolyn Buff, pro se,
Marcq-en-Barœul, France.

Appeal from a judgment of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*; Jennifer E. Willis & Kevin Nathaniel Fox, *Magistrate Judges*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Carolyn Buff appeals from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*) granting Plaintiff-Appellee, the Government, summary judgment in its action to collect unpaid civil penalties arising from a failure to timely file Reports of Foreign Bank and Financial Accounts ("FBARs"), as required by the Bank Secrecy Act, 31 U.S.C. § 5311 *et seq.*   At issue was Buff's failure to timely file FBARs for the years 2006, 2007, and 2008.

After a motion to dismiss based in part on improper service was denied—*see generally United States v. Buff*, No. 19-CV-5549 (GBD) (KNF), 2021 WL 4556751 (S.D.N.Y. May 4, 2021), *report and recommendation adopted*, 2021 WL 4148730 (S.D.N.Y. Sept. 13, 2021)—a magistrate judge ordered Buff to sit for a deposition and denied Buff's motion to seal certain documents. *See generally United States v. Buff*, 636 F. Supp. 3d 441 (S.D.N.Y. 2022).   Buff was warned that if she failed to sit for her deposition, she would likely forfeit certain defenses to an anticipated motion for summary judgment.   *See id.* at 451.   Her motion for reconsideration of that decision, addressed to and considered by the magistrate judge, was also denied.   *United States v. Buff*, No. 19-CV-5549 (GBD) (JW), 2023 WL 3765999 (S.D.N.Y. Apr. 27, 2023).

2

Buff did not sit for a deposition, so the Government moved for summary judgment and sought to prevent Buff from raising affirmative defenses. Buff nevertheless sought leave to amend her complaint to raise the affirmative defense of reasonable cause, *see* 31 U.S.C. § 5321(a)(5)(B)(ii), contending that she failed to file the FBARs because she had relied on the advice of her accountant. She also sought relief from judgment pursuant to Federal Rule of Civil Procedure 60.

The district court, adopting the report and recommendation of a magistrate judge, denied leave to amend and concluded that the Government was entitled to summary judgment because the "[p]arties do not contest the basic facts underpinning Defendant's failure to file the FBARs in a timely manner, nor that the Defendant had a responsibility to file the FBARs" and "Defendant has not substantiated her claim that summary judgment is improper with any evidence." *United States v. Buff*, 19-CV-5549 (GBD) (JW), 2023 WL 4447072, at *4 (S.D.N.Y. July 11, 2023) (alterations adopted) (internal quotation marks and citation omitted). The court also denied the Rule 60 motion. *Id*.

Buff timely appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal which we discuss here only insofar as necessary to explain our decision to **AFFIRM**.

## I. Service of Process

Buff first argues that she was not properly served because the Government served her pursuant to Federal Rule of Civil Procedure 4(e) instead of Federal Rule of Civil Procedure 4(f). We disagree. We review a district court's conclusion that service of process was sufficient for abuse of discretion. *Buon v. Spindler*, 65 F.4th 64, 74 (2d Cir. 2023). "A district court abuses

3

its discretion when (1) its decision rests on an error of law . . . or a clearly erroneous factual finding, or (2) its decision . . . cannot be located within the range of permissible decisions." *Id.* (alterations in original) (internal quotation marks and citation omitted).

Process can be served pursuant to Rule 4(e) when service occurs "in a judicial district of the United States." Fed. R. Civ. P. 4(e). *See also Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 524 (9th Cir. 1997) ("The plain language of Rule 4(f) indicates that application of the rule is . . . triggered by . . . the place in which service is effected."). Buff was served in Manhattan, a location incontestably within the United States. Therefore, if service of process complied with Rule 4(e), Buff was properly served.

The Government relied on New York's C.P.L.R. § 308(2) to serve process, as provided for by Rule 4(e). *See* Fed. R. Civ. P. 4(e)(1). C.P.L.R. § 308(2) allows for service "by delivering the summons within the state to a person of suitable age and discretion at the . . . usual place of abode of the person to be served and by . . . mailing the summons to . . . her last known residence." C.P.L.R. § 308(2). We have recognized that "a person can have two or more . . . usual places of abode, provided each contains sufficient indicia of permanence." *Nat'l Dev. Co. v. Triad Holding Corp.*, 930 F.2d 253, 257 (2d Cir. 1991) (internal quotation marks omitted).

We cannot conclude that the district court abused its discretion in deciding that the Government had established that service was sufficient. The Government provided an affidavit from a process server, which is *prima facie* evidence of proper service. *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002). In addition, the Government provided a sworn statement from an IRS agent reporting that Buff's accountant, who had Buff's power of attorney to represent her before the IRS with respect to the FBARs in question, stated

4

that the Manhattan address was the address used for tax returns and was Buff's last known address. A December 2016 letter from her accountant to the IRS also listed the apartment as her address. While Buff submitted some evidence to contradict this, her materials were equivocal and lacked the necessary "specific facts" when set against the Government's submissions. *Id*. at 58. Accordingly, the district court did not abuse its discretion in concluding that there were sufficient indicia of permanence for service at the Manhattan apartment to comply with C.P.L.R. § 308(2) and Rule 4(e).

## II. Summary Judgment

We review the district court's grant of summary judgment *de novo*. *Kee v. City of New York*, 12 F.4th 150, 157 (2d Cir. 2021). Summary judgment may only be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). But Buff does not contend that in the absence of her affirmative defenses the district court erred by granting summary judgment. While *pro se* litigants like Buff are entitled to liberal construction of their submissions, the ordinary rule that unbriefed issues and arguments are abandoned applies to *pro se* litigants too. *See Green v. Dep't of Educ. of N.Y.C.,* 16 F.4th 1070, 1074 (2d Cir. 2021) (per curiam). Because Buff has abandoned any argument directly challenging the district court's grant of summary judgment, we will affirm so long as its decision to deny leave to amend was proper.

Buff does contest the district court's denial of leave to amend her pleadings to add an affirmative defense. We review a district court's denial of leave to amend for abuse of discretion. *Lane Cap. Mgmt., Inc. v. Lane Cap. Mgmt., Inc.*, 192 F.3d 337, 343 (2d Cir. 1999). Although Federal Rule of Civil Procedure 15(a) provides that the court shall "freely give leave [to amend]

5

when justice so requires," Fed. R. Civ. P. 15(a)(2), it is within the discretion of the district court to deny leave to amend when granting it would cause undue delay or prejudice, *see SCS Comm'n, Inc. v. Herrick Co., Inc.*, 360 F.3d 329, 345 (2d Cir. 2004). And this remains the standard even when a plaintiff is permitted to amend its complaint, as long as the amendment does not change the "scope of the case in a way relevant to the new defense."[1] *Burton v. Ghosh*, 961 F.3d 960, 968 (7th Cir. 2020). "Where a party seeks leave to amend after a period of delay, 'the burden is on the party who wishes to amend to provide a satisfactory explanation for the delay . . . .'" *Morency v. NYU Hosps. Cent.*, 728 F. App'x 75, 76 (2d Cir. 2018) (summary order) (quoting *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990)). It is within the sound discretion of the district court to decide that ignorance of the law, even by a *pro se* litigant, is not a satisfactory explanation. *See Goss v. Revlon, Inc.*, 548 F.2d 405, 407 (2d Cir. 1976) (per curiam).

The district court did not abuse its discretion in denying leave to amend. As Buff herself admits, she has had "longstanding knowledge" of the facts necessary to raise her affirmative defense. Appellant's Br. at 43. Her ignorance of her affirmative defense—a defense which is specified in the statute itself, 31 U.S.C. § 5321(a)(5)(B)(ii), and which was discussed in the tax judgment sent to Buff by the IRS—does not provide a "satisfactory explanation" for her delay. *Cresswell*, 922 F.2d at 72.

---

[1] The Government originally sought penalties for each account Buff failed to disclose. After the Supreme Court held that penalties could only be assessed per form required, *Bittner v. United States*, 598 U.S. 85 (2023), the Government was granted leave to amend its complaint to reduce the penalties assessed.

Moreover, the district court's prejudice determination did not constitute an abuse of discretion. "Amendment may be prejudicial when, among other things, it would require the opponent to expend significant additional resources to conduct discovery . . . or significantly delay the resolution of the dispute." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725–26 (2d Cir. 2010) (internal quotation marks and citation omitted). Allowing Buff to raise an affirmative defense would require the reopening of discovery after the Government has already spent copious amounts of time attempting to depose Buff. Additionally, by the time that Buff sought to amend, the Government had already moved for summary judgment. Because of "the belated timing of the motion and the fact that discovery would have to be reopened," the district court was well within its discretion to deny leave to amend. *Grace v. Rosenstock*, 228 F.3d 40, 55 (2d Cir. 2000). We thus affirm the grant of summary judgment.

### III.    Motion for Relief from Judgment

We review a district court's decision on a Rule 60(b) motion for abuse of discretion. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). Rule 60(b)(3) permits vacatur on the basis of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." But the moving party must provide "clear and convincing evidence of material misrepresentations." *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989). The Government's representation to the district court that the French Government would view FBARs as administrative matters, made on the basis of an expert declaration that was also submitted to the court, is not a misrepresentation. Accordingly, because Buff has not provided evidence of a misrepresentation, we affirm the denial of the motion for relief from judgment.

7

## IV.    Sealing

We similarly affirm the denial of the motion to seal.   We review the district court's decision not to seal for abuse of discretion.   *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139 (2d Cir. 2016).   There is a presumption of public access to judicial documents, *In re IBM Arb. Agreement Litig.*, 76 F.4th 74, 84 (2d Cir. 2023), and the proponent of sealing bears the burden of overcoming that presumption, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1181 (9th Cir. 2006); *Anonymous v. Medco Health Solutions, Inc.*, 588 F. App'x 34, 35 (2d Cir. 2014) (summary order).   26 U.S.C. § 6103(h)(4) authorizes the disclosure of certain tax documents in judicial and administrative tax proceedings, so long as certain preconditions are met.

"[D]ocuments submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches . . . ."   *Trump v. Deutsche Bank AG*, 940 F.3d 146, 151 (2d Cir. 2019) (internal quotation marks and citation omitted).   Here, the information that Buff requests to be sealed—the names and locations of and the sums in her foreign bank accounts—are contained in the Government's Statement of Material Facts provided for the purpose of summary judgment.   This is a judicial document for which Buff would need to provide "the most compelling reasons" to seal.   *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006) (internal quotation marks and citation omitted).   She has not done so.   The IRS records she seeks to seal are not akin to "financial records of a wholly owned business, family affairs, illnesses, [or] embarrassing conduct with no public ramifications . . . ."   *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995).

And Buff now recognizes that 28 U.S.C. § 6103(h)(4) does not prevent the disclosure of her tax documents in this proceeding. The motion to seal was thus appropriately denied.

We nevertheless direct the Clerk of Court to seal Buff's appendices (docket entries 45 and 46) from public view because Buff failed to redact repeated appearances of her Social Security number, financial account numbers, and other information, as required by Federal Rule of Civil Procedure 5.2(a), which applies here under Federal Rule of Appellate Procedure 25(a)(5). While we do not order remand, the parties are directed to inspect the district court docket for other instances where Buff filed material that should not have appeared unredacted on the public docket.

\* \* \*

We have considered all of Buff's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9